■ In the Matter of the VILLAGE OF BROCKPORT, Petitioner, v. TOWN OF CLARKSON, Respondent. — Report of Referees unanimously confirmed and judgment granted in favor of petitioner, without costs, adjudging that the proposed annexation is in the over-all public interest. (Motion to confirm Referee's report and for judgment pursuant to section 712 of the General Municipal Law.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Witmer, JJ.

■ In the Matter of ROCCO M. VIVENZIO et al., Respondents, v. CITY OF UTICA et al., Appellants. (Appeal No. 1.)— Appeal unanimously dismissed, with costs to respondents. Memorandum: In this article 78 proceeding an order was entered February 27, 1968 determining that seven stated issues of fact exist for trial and a further order was entered March 12, 1968 denying appellants' motion to strike certain paragraphs of the petition as scandalous, prejudicial, irrelevant and immaterial and for judgment dismissing the petition upon various grounds founded upon submitted documentary evidence, and appellants appeal from both of said orders. CPLR 5701 provides in part as follows: " (b) Orders not appealable as of right. An order is not appealable to the appellate division as of right where it: 1. is made in a proceeding against a body or officer pursuant to article 78; or * * * 3. orders or refuses to order that scandalous or prejudicial matter be stricken from a pleading. (c) Appeals by permission. An appeal may be taken to the appellate division from any order which is not appealable as of right in an action originating in the supreme court or a county court by permission of the judge who made the order granted before application to a justice of the appellate division; or by permission of a justice of the appellate division in the department to which the appeal could be taken, upon refusal by the judge who made the order or upon direct application." The two orders from which these appeals are taken fall squarely within the quoted provisions of the statute. These statutory provisions are partially an outgrowth of section 1304 of the Civil Practice Act which provided that in an article 78 proceeding there could be no appeal from a nonfinal order except by permission of the court or in conjunction with an appeal from a final order (see *Matter of Fischer* v. *Briante,* 6 A D 2d 814; *Matter of Sunland Beverage Corp.* v. *Rohan,* 6 A D 2d 996; *Matter of Hotel Esplanade* v. *Herman,* 24 Misc 2d 1086). If permission to appeal had been sought (cf. CPLR 5514, subd. [a]), we would have denied the application. (Appeal from order of Oneida Special Term ordering trial of certain issues and staying further actions.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.

■ In the Matter of ROCCO M. VIVENZIO et al., Respondents, v. CITY OF UTICA et al., Appellants. (Appeal No. 2)— Appeal unanimously dismissed, with costs to respondents. Same Memorandum as in *Matter of Vivenzio* v. *City of Utica* 30 A D 2d 771 (Appeal No. 1), decided concurrently herewith. (Appeal from order of Oneida Special Term denying motion to dismiss petition.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.