■ In the Matter of JAMES WALLACE, Respondent, v WYANDANCH UNION FREE SCHOOL DISTRICT et al., Appellants.—In a proceeding pursuant to CPLR article 78 in which petitioner, *inter alia,* seeks reinstatement to his position as Supervisor of Transportation, the appeal, as limited by appellants' brief, is from so much of an order of the Supreme Court, Suffolk County, dated February 3, 1977, as denied their motion to dismiss the petition pursuant to CPLR 3216 for want of prosecution. Appeal dismissed, without costs or disbursements. This appeal from an intermediate order in an article 78 proceeding does not lie as of right; nor has permission for the taking thereof been sought or granted. The appeal must therefore be dismissed (see CPLR 5701, subd [b], par 1; *Cirasole v Simins,* 48 AD2d 795; *Hawley v Town of Aurora,* 41 AD2d 588; *Matter of Vivenzio v City of Utica,* 30 AD2d 771; see, also, *Matter of Soros v Board of Appeals of Vil. of Southampton,* 24 AD2d 705, 706). Had permission to appeal been sought (see CPLR 5701, subd [c]), we would have denied that application. Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.

■ In the Matter of QUEEN WORRELL, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. ALLCITY INSURANCE Co., Respondent. (And a Similar Caption.)—In proceedings, *inter alia,* for leave to file a late affidavit of claim with the Motor Vehicle Accident Indemnification Corporation, the said corporation appeals from an order of the Supreme Court, Queens County, dated January 24, 1977, which, after a hearing, *inter alia,* permitted petitioner to file a claim against it *nunc pro tunc.* Order affirmed, with costs to Allcity Insurance Co. payable by appellant. Under the circumstances of this case, Special Term was justified in holding that the cancellation of the automobile insurance policy was effective as of August 5, 1975, notwithstanding the fact that the notice of cancellation was never filed with the Commissioner of Motor Vehicles. It is no longer necessary to file a notice of cancellation of an automobile insurance policy, either under secion 576 (subd 1, par [g]) of the Banking Law (by a premium finance company) or under section 313 of the Vehicle and Traffic Law (by the insurer) (see *Allstate Ins. Co. v Chapman,* NYLJ, April 17, 1974, p 21, col 3; cf. *Capra v Lumbermens Mut. Cas. Co.,* 31 NY2d 760, 762). The filing by the insurer is not required by virtue of the implementation of the insurance identification card system, effective June 1, 1972 (15 NYCRR 32.1). Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.