■ In the Matter of the REDEMPTION CHURCH OF CHRIST OF THE APOSTOLIC FAITH, INC., Respondent, v GRAHAM WILLIAMS et al., Constituting the City of Troy Zoning Board of Appeals, et al., Appellants. (Action No. 1.) CITY OF TROY, Appellant, v REDEMPTION CHURCH OF CHRIST OF THE APOSTOLIC FAITH, INC., et al., Respondent. (Action No. 2.) — Appeal, in Action No. 1, from an order of the Supreme Court at Special Term (Miner, J.), entered March 14, 1980 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss petitioner's application for relief from stipulations in a special use permit; and which granted petitioner's cross motion requiring respondents to answer the petition and furnish a transcript of the underlying proceedings within 30 days. Appeal, in Action No. 2, from an order of the Supreme Court at Special Term (Hughes, J.), entered July 8, 1980 in Rensselaer County, which denied plaintiff's motion for summary judgment. These actions involve the use and occupancy of a former nursing home in Troy acquired by the petitioner church in 1978, for use as a religious facility and residence for missionaries. Respondent zoning board of appeals, after initial denial by the superintendent of buildings, had granted a special use permit predicated upon compliance with seven stipulated conditions. In an article 78 proceeding commenced on September 14, 1978, petitioner sought review challenging two of the conditions. Instead of answering the petition, respondents moved pursuant to CPLR 7804 (subd [f]) for an order dismissing the petition on the grounds (1) the special use permit became void because of noncompliance with the conditions contained in the permit and, (2) petitioner failed to secure a building permit within six months of the issuance of the special use permit. Petitioner then cross-moved for an order granting the relief requested, or, in the alternative, requiring respondents to answer the petition and furnish a certified copy of the transcript of the proceedings before the zoning board of appeals. Special Term denied respondents' motion to dismiss and granted petitioner's cross motion to compel service of an answer including a certified transcript of the proceedings before the zoning board of appeals. Respondents have appealed. However, this appeal from an intermediate order in an article 78 proceeding does not lie as of right; nor does it appear that permission for the taking thereof has been sought or granted. The appeal must, therefore, be dismissed (see CPLR 5701, subd [b], par 1; *Matter of Wallace v Wyandanch Union Free School Dist.,* 58 AD2d 813; *Hawley v Town of Aurora,* 41 AD2d 588). We note that having fully reviewed the record before us, we would have affirmed the decision at Special Term had permission to appeal been granted upon proper request. The petition sets forth allegations of fact which, in the

absence of an answer, stand uncontradicted and state a prima facie entitlement to the relief sought *(Matter of Lichtensteiger v Housing & Dev. Admin.,* 40 AD2d 810; *Matter of Grimm v City of Buffalo,* 8 AD2d 689; 6 NY Jur 2d, Art 78, § 210, p 94). In December, 1979, the City of Troy commenced Action No. 2 for a permanent injunction to prohibit the church from using the premises, alleging violations of its codes, ordinances and requirements. Special Term, finding the existence of issues of fact, denied the city's motion for summary judgment. The city has appealed. There should be an affirmance. The complaint in Action No. 2 seeks a permanent injunction restraining defendants' use of the subject premises, with all four causes of action essentially asserting illegal occupation by reason of alleged violation of the zoning ordinance. The answer alleges the pendency of a proceeding to review the zoning board of appeals determinations and asserts several affirmative defenses. Plaintiff, by order to show cause supported by various affidavits, moved for summary judgment arguing that defendants have continuously occupied the premises in violation of the ordinances and that such occupancy constitutes a serious safety hazard to the occupants. Defendants sharply and directly controvert plaintiff's contentions charging plaintiff's officials with dereliction of duty and arbitrary and capricious action. They further allege that they are in compliance with the law, and reiterate that a proceeding to review the zoning board determinations is pending. Special Term correctly denied summary judgment, holding that, clearly, triable issues of fact exist. " '[I]ssue-finding, rather than issue-determination, is the key to the procedure' " *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). The burden is upon plaintiff to produce evidence whereby it clearly appears that no material and triable issue of fact is presented, even where the opposing papers may be insufficient to defeat the motion *(Walski v Forma,* 54 AD2d 776). Plaintiff has failed in this burden, for contrary to its assertions that the facts are undisputed, defendant has indeed controverted them. For example, the operability of the sprinkler system is directly in issue. Whether or not defendants did construction work requiring a building permit is in issue, as is the question of the necessity of compliance with the stipulations attached to the special use permit. Examination of the record and briefs readily establishes the existence of unresolved issues of fact, and accordingly, summary judgment was properly denied *(Village of New Paltz v Pencil Hill Props. Corp.,* 60 AD2d 738). Appeal, in Action No. 1, dismissed, without costs. Order, in Action No. 2, affirmed, with costs. Sweeney, J.P., Main, Mikoll, Weiss and Herlihy, JJ., concur.