■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE E. GREAT-HOUSE, Appellant. — Order unanimously affirmed. Memorandum: The rule that once an accusatory instrument has been filed the defendant cannot waive his constitutional right to counsel save in the presence of counsel, which was announced in *People v Samuels* (49 NY2d 218), has been held to apply only to cases on direct appeal at the time of that decision (*People v Pepper,* 53 NY2d 213). Inasmuch as defendant's judgment of conviction on his plea of guilty was entered in February, 1977 and he did not pursue an appeal, he may not now invoke the rule of *Samuels.* "When a defendant admits his guilt and consents to the entry of judgment against him, he does so under the law then existing. Although the defendant would not, we may assume, have pleaded guilty had later decided cases * * * then been the law, he remains bound by his plea and his resulting conviction unless he can show that his plea was not a knowing and intelligent act." (*People v La Ruffa,* 34 NY2d 242, 245-246, cert den 423 US 917.) (Appeal from order of Seneca County Court, De Pasquale, J. — vacate conviction.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.

■ In the Matter of LEWIS F. STEELE, Appellant, and HOUSING OPPORTUNI-TIES MADE EQUAL, Intervenor-Appellant, v CITY OF BUFFALO DEPARTMENT OF COMMUNITY DEVELOPMENT et al., Respondents. — Appeal unanimously dismissed, without costs. Memorandum: Petitioner was hired as assistant director of intervenor-appellant, Housing Opportunities Made Equal, Inc., a nonprofit agency having a contract with the City of Buffalo and funded by the city primarily through Federal Community Development Block grants. A term in the contract between the city and the agency requires that staff vacancies be filled with city residents. The contract makes provision, however, for a waiver of the residency requirement in the sole discretion of respondent commis-sioner. Petitioner appeals from a dismissal without prejudice and without an evidentiary hearing of his CPLR article 78 proceeding in which he asserts a claim of impermissible discriminatory enforcement of the contractual resi-dency requirement. This appeal from a nonfinal order in a CPLR article 78 proceeding does not lie as of right; nor has permission to appeal been sought or granted. We therefore dismiss the appeal (see CPLR 5701, subd [b], par 1; *Matter of Wallace v Wyandanch Union Free School Dist.,* 58 AD2d 813; *Cirasole v Simins,* 48 AD2d 795; *Hawley v Town of Aurora,* 41 AD2d 588). Had we reached the merits of this appeal we would have affirmed Special Term's dismissal without prejudice; petitioner has not presented sworn affidavits or other proof supplying factual detail showing that he is more likely than not to succeed on the merits (see *Matter of 303 West 42nd St. Corp. v Klein,* 46 NY2d 686, 695-696). (Appeal from order of Supreme Court, Erie County, McGowan, J. — art 78.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.