■ BARBARA HALLORAN, Appellant, v SPINA FLOOR COVERING, INC., Respondent and Third-Party Plaintiff-Respondent. WALTER KAY ASSOCIATES, INC., Third-Party Defendant-Respondent.—Judgment of the Supreme Court, New York County (Alfred Toker, J.), entered January 17, 1992, which dismissed the complaint on the ground plaintiff failed to present a *prima facie* case, is unanimously reversed, on the law and facts and in the exercise of our discretion, the complaint reinstated and the matter restored to the trial calendar, with costs and disbursements payable to plaintiff.

COVERING, INC., Defendant and Third-Party Plaintiff-Appellant. WALTER KAY ASSOCIATES, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Carol Arber, J.) entered June 18, 1991, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The affidavit of defendant's officer submitted in support of the motion was not based on personal knowledge concerning the installation of the carpet, and the claim therein that the carpet was properly installed is necessarily conclusory. As such, the motion was properly denied even though plaintiff's opposition consisted only of an attorney's affirmation which itself was without evidentiary value. "The burden is upon [the moving party] to produce evidence whereby it clearly appears that no material and triable issue of fact is presented, even where the opposing papers may be insufficient to defeat the motion [citation omitted]." *(Matter of Redemption Church of Christ v Williams,* 84 AD2d 648, 649.) Moreover, assuming that defendant was never given notice of the defective condition of the carpet, such fact would not entitle it to summary judgment, since notice is not required when it is the defendant who allegedly created the dangerous condition *(Saia v Misrahi,* 129 AD2d 621). Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Asch, JJ.