■ YELLOWSTONE CONTRACTORS CORP., Respondent, v A.F.C. ENTERPRISES, INC., et al., Appellants, et al., Defendants. [655 NYS2d 569] —In an action, *inter alia,* for foreclosure of public improvement mechanics' liens, and to recover damages for breach of contract, the defendants A.F.C. Enterprises, Inc., and National Union Fire Insurance Company appeal, (1) as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated January 5, 1996, as granted those branches of the plaintiff's motion which were for summary judgment (a) on the first cause of action, (b) granting foreclosure on the plaintiff's public

improvement mechanics' liens pursuant to the seventh and eighth causes of action, and (c) dismissing the appellants' affirmative defenses; and (2) as limited by their brief, from so much of a judgment of the same court, dated February 9, 1996, as, upon the prior order, was in favor of the plaintiffs and against the appellants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The contention of the appellant A.F.C. Enterprises, Inc., (hereinafter AFC) that the Supreme Court improperly granted summary judgment in favor of the plaintiff Yellowstone Contractors Corp. (hereinafter Yellowstone) is without merit. It is undisputed that Yellowstone rendered trucking services to AFC, which AFC accepted. AFC's affidavits were insufficient to support its assertion that Yellowstone's agent promised on Yellowstone's behalf that Yellowstone would be responsible for the agent's debts to AFC. The affidavits submitted in support of AFC's contention were either not based on personal knowledge of the promise (*see, Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 553) or contained conclusions and unsubstantiated allegations or assertions (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Matter of Kraus*, 208 AD2d 729).

The appellant National Union Fire Insurance Company's contention that Yellowstone failed to comply with unspecified requirements of the Lien Law and State Finance Law is without merit. Although an undertaking was given to relieve New York State of liability, the lien continued to be a valid lien until properly discharged (*see,* Lien Law § 21 [3-a]). Yellowstone timely filed a notice of claim, commenced this foreclosure action, and filed a notice of pendency (*see,* Lien Law §§ 12, 18). Moreover, since the challenged undertaking was substituted for the public improvement mechanic's lien against New York State, the undertaking was not a payment bond governed by State Finance Law § 137.

The appellants' remaining contentions are without merit. Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.