■ BARBARA E. GSTALDER et al., Respondents, v STATE OF NEW YORK et al., Appellants. [658 NYS2d 680] —In an action, *inter alia*, to permanently enjoin the defendants from trespassing upon and dumping refuse on the plaintiffs' property and to recover damages for the trespass, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered May 17, 1996, as granted summary judgment to the plaintiffs.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment is denied.

The plaintiffs are owners of an eleven-acre parcel of land in Westchester County, located near a New York State Department of Transportation facility (hereinafter Department of Transportation). The plaintiffs allege that over a course of years the defendants trespassed onto and repeatedly utilized a portion of their property as a dump site where debris was buried between six and nine feet below the surface.

Prior to discovery, the plaintiffs moved for summary judgment. In support of their motion the plaintiffs submitted the affidavit of a landscape architect who had conducted a soil survey on the property and who concluded that "the variety of [buried] debris, mostly fast food containers, car parts, lumber, branches, plastic items, highway signs, characterizes the source of material as refuse from highway facilities". The plaintiffs also submitted an affidavit from a private investigator who stated that a Department of Transportation employee admitted to him that the agency had in fact dumped refuse on the plaintiffs' property. The defendants denied the allegations. The

Supreme Court granted summary judgment, holding that the plaintiffs had set forth a prima facie cause of action which the defendants did not effectively "challenge". We reverse.

It is well settled that in order to obtain summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering evidentiary proof in admissible form sufficient to eliminate any material issues of fact from the case (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Zuckerman v City of New York*, 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see, Matter of Redemption Church of Christ v Williams*, 84 AD2d 648). The plaintiffs have not met their burden since there remain questions of fact as to who may have been responsible for the buried debris. Although the plaintiffs' affidavit evidence circumstantially suggests the defendants' liability, it does not render the actions of other possible tortfeasors sufficiently remote so as to enable the finder of fact to logically conclude that the defendants were a cause of this dump site (*see generally, Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744; *Bradish v Tank Tech Corp.*, 216 AD2d 505).

Furthermore, the remarks by the Department of Transportation employee do not qualify as an admission of liability on the part of the defendants. "The hearsay statement of an agent is admissible against his employer under the admissions exception to the hearsay rule only if the making of the statement is an activity within the scope of the agent's authority" (*Lowen v Great Atl. & Pac. Tea Co.*, 223 AD2d 534, 535; *see also, Loschiavo v Port Auth.*, 58 NY2d 1040). There is no evidence that the Department of Transportation employee was within his authority when he spoke to the plaintiffs' investigator and thus his statements are of no probative value in determining the summary judgment issue. Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.