OPINION OF THE COURT
William P. Warren, J.
The court has before it an application brought on by notice of motion in which the respondent, the Catholic Home Bureau, is seeking to have this court dismiss the proceeding on the ground of equitable estoppel and, alternatively, awarding respondent summary judgment dismissing the proceeding. The application is supported by an affirmation subscribed to by Frederick J. Magovem, Esq., on June 26, 1998, who is counsel for the Catholic Home Bureau. Counsel for the petitioner, M. S., has submitted an affirmation in opposition to the respondent’s application, which affirmation is signed by Patrick J. Bliss, Esq., on July 7, 1998.
The petitioner, M. S., filed a paternity petition on May 1, 1998 in which he sought a declaration of paternity of the minor child born on January 3, 1998 to the respondent, K. T. Thereafter, the petitioner submitted an order to show cause together with an amended petition dated June 15, 1998, in which he sought an order staying the respondent, the Catholic Home Bureau, from proceeding with any adoption proceedings pertaining to the minor child born to the respondent, a declaration of paternity and custody of the minor child.
The respondent, the Catholic Home Bureau, now moves for a dismissal or, in the alternative, summary judgment. It is argued that the petitioner should be equitably estopped and the petition dismissed on the ground that the petitioner’s acts of sexual intercourse with the then “fourteen-year-old” respondent, K. T., were criminal and violated Penal Law § 130.20 (1), sexual misconduct, and § 130.55, sexual abuse in the third degree. The respondent further argues that the petitioner delayed too long in commencing this paternity proceeding to the severe detriment of the minor child, his prospective adoptive parents, as well as the respondent.
The petitioner, in his opposition, argues that his conduct was not criminal and that he acted promptly in filing a paternity petition within four months of the child’s birth.
The respondent’s application seeking to dismiss the paternity proceeding upon the ground of equitable estoppel must fail. Respondent argues that the court should allow the invocation of this doctrine of equitable estoppel based upon a determination *774 that the “child’s best interests must take precedence over a determination of biological paternity.” (Magovern affidavit para 14.) This court’s review of the case law leads it to conclude that more is required in order to allow the invoking of this doctrine.
In the Matter of Sharon GG. v Duane HH. (95 AD2d 466), the Appellate Division, Third Department, affirmed a lower court invocation of the doctrine of equitable estoppel. The testimony therein revealed that a wife brought a paternity proceeding against a boyfriend and joined her husband as an “interested party.” The Family Court allowed the husband’s defense of equitable estoppel and refused to order a blood test.
The testimony upon which the court made its decision showed that the husband and wife had sexual relations continuously and frequently during the time when the wife conceived the child. The wife at no time prior to 2V2 years after the child’s birth ever expressed any question about the child’s paternity. Throughout the marriage she held the child out as the husband’s son, including designating him as the father in the birth certificate and baptismal records, she accepted support and permitted a strong parent/child bond to be established. These facts were sufficient to establish, prima facie, a defense on the basis of equitable estoppel.
The Appellate Division, Second Department, in David L. v Cindy Pearl L. (208 AD2d 502), also addressed the issue of utilizing the doctrine of equitable estoppel. In that case, a party moved to intervene in a matrimonial proceeding and requested an order compelling the parties to submit to blood testing. The court denied this request and the Appellate Division affirmed. Factually, the child was born during the marriage of the parties, the husband’s name was on the birth certificate, the child was registered in school under the husband’s name and the petitioner had waited nearly four years to assert a paternity claim. These were sufficient facts for the lower court to allow the defense of equitable estoppel.
The case law in this State on the issue of when the doctrine of equitable estoppel can be invoked to deny an application for a blood test in a paternity proceeding was analyzed by Judge Hunt in Matter of Sondra S. v Larry W. (175 Misc 2d 122). The court stated: “Equitable estoppel is a principle that is applied in the interest of fairness to preclude a party from speaking against his own acts, commitments or representations which induced another, who reasonably relied on such words or conduct and who would suffer injury if such conduct or representations were allowed to stand (see, 28 Am Jur 2d, *775 Estoppel and Waiver, § 28, at 629). The doctrine has been successfully invoked to prevent the enforcement of rights which would otherwise work a fraud or injustice upon the person against whom enforcement is sought (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175 [1982]).” (Matter of Sondra S. v Larry W., 175 Misc 2d 122, 124.) The court went on to state: “Nonetheless, in order to prevail in her claim, the petitioner must establish that the respondent engaged in conduct which amounted to false representations of a material fact, that she relied in good faith upon that conduct and that subsequently her position has changed to her detriment in reliance on that representation. The petitioner has the burden of proving each of the elements of an estoppel by clear, convincing and entirely satisfactory evidence, leaving nothing to inference or speculation (see, Bergner v Kick, 85 AD2d 911 [4th Dept 1981] * * *)” (Matter of Sondra S. v Larry W., 175 Misc 2d 122, 124).
The New York cases have applied the law of equitable estoppel to protect the child from an untimely assertion or denial of paternity, which, if permitted, would intrude upon an existing, legally recognized parent/child relationship created by marriage or a prior order of filiation. (Matter of Sondra S. v Larry W, 175 Misc 2d 122, supra.)
The instant facts are quite different from those where equitable estoppel has been accepted by the courts in the State of New York. Respondent’s first claim of equitable estoppel is based upon its argument that the petitioner engaged in criminal behavior and, as such, he should be estopped from establishing paternity. Respondent has not provided this court with any legal authority for the invoking of the doctrine under these or similar facts. Further, the issue of whether the petitioner’s behavior was criminal is disputed by the petitioner’s counsel’s affidavit. To this court’s knowledge, no criminal charges have been brought against the petitioner. The court will not allow the defense to be utilized under these circumstances.
Alternatively, it is argued that because the petitioner waited too long to file this proceeding, the doctrine of equitable estoppel should be invoked. The child was born on January 3, 1998 and the petition filed May 1, 1998. The child was four months old when the petitioner first sought to establish paternity. The petitioner is 18 years of age. For the purpose of this motion his claim must be accepted as the facts. His affirmation in opposition claims he was never notified and did not *776 know that the respondent, K. T., had proceeded with an adoption since he had not given consent.[1] He also states that he was unaware of the location of the child, the mother or the grandmother at the time of the birth of the child or subsequent thereto.
Undoubtedly the adoptive parents had established a strong relationship with the child by May 1, 1998 when the petition was filed. However, that bond coupled with their status as proposed adoptive parents does not rise to the level of parent/ child relationship which the courts have declined to intrude upon by the use of the doctrine of equitable estoppel. This 18-year-old petitioner’s decision to wait four months to file for paternity and 5V2 months to file for custody, combined with his claim of lack of information upon which to proceed, is not a sufficient factual predicate for this court to conclude that his proceeding must be barred. Therefore, this court declines to grant the respondent’s application for summary judgment in the paternity proceeding upon the ground of equitable estoppel.
The respondent seeks summary judgment upon the ground that the petitioner’s consent to the adoption is not required. For the purposes of determining that aspect of the respondent’s motion, the court must assume that the petitioner is adjudicated as the father of this child since if he is not, then he has no standing to proceed with custody nor to consent to the adoption of a child who he is not the father of. Operating upon the assumption that the petitioner is adjudicated, this court is confronted with addressing his application for custody, since that is the only proceeding (except the paternity claim) pending before it.
If the court were to proceed to hear a custody case, the overriding issue to examine is what is in the best interests of the child. Before such a hearing will be directed by this court, a brief opportunity will be afforded to the respondent agency and the adoptive parents to commence an adoption proceeding in an appropriate court for the following reasons.
Under the facts of this case, the court believes that the petitioner (once again presuming his adjudication) is entitled to notice and an opportunity to be heard in an adoption *777 proceeding. Section 111-a of the Domestic Relations Law provides that any person adjudicated by a court in this State to be the father of the child is entitled to notice of any adoption proceeding initiated under the Domestic Relations Law. The statute goes on to state that: “The sole purpose of notice under this section shall be to enable the person served pursuant to subdivision two to present evidence to the court relevant to the best interests of the child.” (Domestic Relations Law § 111-a [3].)
Therefore, in the context of an adoption proceeding, it would be expected that the petitioner would be entitled to participate for the purpose of presenting what he believed would be in the best interests of the child. The same issue of what is in the best interests of the child would be the issue before this court in petitioner’s custody proceeding. Consequently, in the interest of judicial economy, it is this court’s belief that the instant custody proceeding should be transferred to the court where the adoption proceeding is commenced and consolidated therewith. Under this procedure a single best interests determination could be had finally deciding both the adoption and the custody proceeding. It is also noted that in connection with the adoption proceeding, the petitioner’s claim of a right to consent to the adoption could be decided.[2]
As a result of the foregoing, the respondent’s motion for summary judgment is denied. The parties are directed to appear before this court on the 14th day of August 1998 at 10:00 a.m. to determine the paternity proceeding. The court hereby stays the custody proceeding for 60 days to permit the respondent Catholic Home Bureau and the adoptive parents to commence an adoption proceeding in an appropriate Family Court.[3] Once an adoption proceeding is commenced, this court will entertain an application to transfer the pending custody proceeding to *778 the court where the adoption proceeding is pending so that it may be consolidated with the adoption proceeding and be determined as quickly as possible.

. It is noted that both the moving party and petitioner have chosen to submit attorney’s affirmations in connection with this application. CPLR 3212 requires that a motion for summary judgment must be supported by an affidavit and that affidavit shall be by a person having knowledge of the facts.

. While this court is not deciding the issue of whether the petitioner has the right to consent to the adoption since it is addressing the petitioner’s custody claim and not an adoption proceeding, nonetheless, it would appear that at best, the petitioner has a right to notice and an opportunity to be heard on the issue of the infant’s best interests. Case law would seem to establish that the petitioner does not have the right to consent to the adoption under the facts set forth in the pleadings.

. The adoption proceeding should be commenced in a Family Court, not Surrogate’s Court, since this court is without authority to transfer a proceeding to a Surrogate’s Court of another county and there is no authority to this court’s knowledge to consolidate a Surrogate’s Court proceeding with a Family Court proceeding.