■ Arma Textile Printers, Inc., Appellant, v Spectrachem, Inc., Respondent. [679 NYS2d 91] —In an action, *inter alia*, to recover damages for breach of contract and breach of warranty, the plaintiff appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated October 23, 1997, as granted the defendant's motion for summary judgment dismissing the complaint and awarded the defendant summary judgment on its counterclaim, and (2) a judgment of the same court, entered November 17, 1997, which is in favor of the defendant and against it in the principal amount of $68,329.03.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, the order is vacated, the defendant's motion for summary judgment is denied, and the complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff Arma Textile Printers, Inc. (hereinafter Arma), is in the business of dyeing and printing textiles. The defendant Spectrachem, Inc. (hereinafter Spectrachem), supplied Arma with various products for printing, including a product known as "Low Crock", which is used to prevent color from coming off fabric after it has been printed. Arma commenced the instant action against Spectrachem, alleging that sometime during 1995, it experienced problems in the processing of fabric due to the Low Crock sold to it by Spectrachem. Spectrachem counterclaimed, seeking payment for goods allegedly delivered to Arma, but for which it had not yet been paid. After discovery, Spectrachem moved for summary judgment (1) dismissing the complaint, and (2) on its counterclaim, on the ground that the Low Crock which it had supplied to Arma was not defective. The Supreme Court granted Spectrachem's motion. We reverse.

In order to be entitled to summary judgment in the instant case, Spectrachem was required to make a prima facie showing of its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form sufficient to demonstrate that the Low Crock which it supplied to Arma was not defective (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851;

*Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Its failure to make such a showing requires denial of the motion, regardless of the sufficiency of Arma's opposing papers (*see, Gstalder v State of New York,* 240 AD2d 541; *Matter of Redemption Church of Christ v Williams,* 84 AD2d 648).

On its motion, Spectrachem failed to make such a prima facie showing. In support of its motion, Spectrachem submitted two letters indicating that the Low Crock sold to Arma had been tested and found to be "in perfect condition". These letters, however, constitute inadmissible hearsay (*see generally, People v Huertas,* 75 NY2d 487; Prince, Richardson on Evidence § 8-101 [Farrell 11th ed]). Spectrachem also submitted the affidavit of its comptroller, Peggy Emord, who, *inter alia,* referred to the above-mentioned letters in stating that the Low Crock sold to Arma was not defective. However, nothing in Emord's affidavit suggests that her affidavit was based upon personal knowledge of the facts asserted therein (*see, Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 553; *Yellowstone Contrs. Corp. v A.F.C. Enters.,* 237 AD2d 434, 435; *Tracy v William Penn Life Ins. Co.,* 234 AD2d 745, 746-747; *Siegel v Terrusa,* 222 AD2d 428). Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.