◼ MOHAMMED TAJ MOHIUDDIN et al., Respondents, v STRINGER CONSTRUCTION, INC., Appellant. [754 NYS2d 614] —Appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered November 30, 2001, which, inter alia, denied defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs entered into a contract with defendant whereby defendant agreed to build a house for plaintiffs in Manlius. The parties subsequently entered into a home improvement contract whereby defendant agreed to finish the basement of the house. After defendant completed the work, plaintiffs commenced this action alleging that defendant breached the contracts by failing to complete the work in "a conforming and workmanlike manner." Defendant contends that Supreme Court erred in denying its motion for summary judgment insofar as it sought dismissal of those parts of the breach of contract causes of action alleging that the HVAC system was defective. We conclude that the court properly denied defendant's motion with respect to the HVAC system. Although the court erred in considering the unsworn letter

reports attached to the affidavits of plaintiffs' expert (*see Villager Constr. v Kozel & Son*, 222 AD2d 1018, 1018-1019; *see also Arma Textile Printers v Spectrachem, Inc.*, 254 AD2d 382, 383; *Matter of Patricia YY. v Albany County Dept. of Social Servs.*, 238 AD2d 672, 674), plaintiffs' deposition testimony was sufficient to establish a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325). The fact that plaintiffs are interested parties "does not detract from its sufficiency as competent evidence" (*Miller v City of New York*, 253 AD2d 394, 395; *see Cohen v Herbal Concepts*, 100 AD2d 175, 182, *affd* 63 NY2d 379). Present—Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.