■ PETER G. APPLE, Respondent, v MARY L. APPLE, Appellant. (Appeal No. 1.) [762 NYS2d 855] —Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered July 8, 2002, which denied defendant's motion for summary judgment dismissing the complaint and for attorneys' fees.

■ PETER G. APPLE, Respondent, v MARY L. APPLE, Appellant. (Appeal No. 2.) [762 NYS2d 855] —Appeal from that part of an order of Supreme Court, Erie County (Mahoney, J.), entered October 1, 2002, that, upon reargument, adhered to the court's previous order denying defendant's motion for summary judgment dismissing the complaint and for attorneys' fees.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: In this action seeking damages for breach of contract, defendant appeals from two orders of Supreme Court. The first denied her motion for summary judgment dismissing the complaint and for attorneys' fees, and the second we construe as granting reargument only and, upon reargument, adhering to the court's previous order. The appeal from the first order must be dismissed because that order was super-

seded by the order granting reargument (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). The court properly denied that part of defendant's motion for summary judgment dismissing the complaint. Assuming, arguendo, that defendant sustained her burden of demonstrating her entitlement to judgment as a matter of law, we conclude that plaintiff raised triable issues of fact concerning whether defendant breached her obligations under the parties' separation agreement (*see Mohiuddin v Stringer Constr.*, 302 AD2d 960 [2003]; *Dec v Auburn Enlarged School Dist.*, 249 AD2d 907, 909 [1998]; *Tri-Delta Aggregates v Chautauqua County*, 237 AD2d 880, 881 [1997]; *Velardi v Lerman*, 203 AD2d 929 [1994]). Present— Hurlbutt, J.P., Scudder, Kehoe, Burns and Gorski, JJ.