Matter of Commissioner of Social Servs. v W.L. (2005 NY Slip Op 25388)

Matter of Commissioner of Social Servs. v W.L.

2005 NY Slip Op 25388 [9 Misc 3d 973]

September 12, 2005

Lawrence, J.

Family Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, November 30, 2005

[*1]
In the Matter of Commissioner of Social Services, on Behalf of R.B., Petitioner,
v
W.L., Respondent.
Family Court, Nassau County, September 12, 2005

APPEARANCES OF COUNSEL

Lorna B. Goodman, County Attorney (Jeffrey D. Herbst of counsel), for petitioner. John N. Tasolides for respondent. Ellen P. Rittberg, Law Guardian.

OPINION OF THE COURT

Richard S. Lawrence, J.
This matter was referred to this court by Support Magistrate Neil T. Miller, for the purpose of inquiry into the question of whether the petitioner may invoke the equitable estoppel doctrine in this paternity matter.
The court set a briefing schedule; all papers have now been filed and the court has marked this matter for submission and decision.
The burden is upon the petitioner to prove, prima facie, that it is entitled to assert the doctrine of equitable estoppel. In support of its position, the Commissioner admits that on three prior occasions, dating from July 1999, the Commissioner filed three separate petitions seeking to establish orders of paternity and child support against this respondent, and that with respect to all three prior petitions, each was dismissed for failure of the assignor, R.B., to cooperate and for her failure to appear on the various scheduled court dates.
The current matter is the result of a fourth petition filed on December 10, 2004. There is no affidavit in support by a person having personal knowledge (i.e., the assignor herself or anyone else) and the sole allegations are those of a deputy county attorney, on behalf of the petitioner. Those allegations state that the respondent "initiated contact" with the subject child approximately four years ago, that they have developed a "warm parent-child" relationship; that the respondent "visits the child on a regular basis and frequently takes her shopping." Lastly, the moving papers state that, for the last four years, the child knows only the respondent "as her father."
The respondent opposes the motion by way of cross motion to dismiss the petition, and states that equitable estoppel is not applicable to the facts of this case. The cross motion is also submitted by counsel only, and there is no affidavit from the respondent himself, nor anyone [*2]else with personal knowledge.
The Law Guardian states that this court should invoke the doctrine of equitable estoppel and that DNA tests should not be ordered, or, in the alternative, that a hearing should be held on the nature of the bonds, if any, between the child and the respondent.
"Equitable estoppel is a principle that is applied in the interest of fairness to preclude a party from speaking against his own acts, commitments or representations which induce another, who reasonably relied on such words or conduct and who would suffer injury if such conduct or representations were allowed to stand." (Matter of Sandra S. v Larry W., 175 Misc 2d 122, 124 [Fam Ct, Bronx County 1997].)
Here, it is admitted that the child, at the time of the filing of the current petition (Dec. 10, 2004), was almost 18 years of age, and that whatever relationship exists between the child and the respondent has only been for a period of the last four years (according to the petitioner) or only the last three years (according to the respondent). There is no reason given whatsoever as to why the petitioner waited so many years before bringing this matter before the court. Although not giving any details, respondent alleges that previously the petitioner had brought a similar petition against a different respondent.
The failure of the petitioner to include an affidavit upon personal knowledge is fatal to the instant motion. The rules governing such a motion now before this court are the same as those applicable to a summary judgment motion. The petitioner must set forth a prima facie showing of its entitlement to invoke the doctrine of equitable estoppel, and if it fails to meet its burden, then the motion (for equitable estoppel or summary judgment) must be denied. (Arma Textile Printers v Spectrachem, Inc., 254 AD2d 382 [2d Dept 1998].)
The affidavits submitted either in support or in opposition to the motion for summary judgment must be upon personal knowledge by a person having knowledge of the facts. (See generally 97 NY Jur 2d, Summary Judgment § 46; Reitmeister v Reitmeister, 273 App Div 652 [1st Dept 1948].)
It is incumbent upon the petitioner to submit evidentiary proof in admissible form, in order to set forth, prima facie, its [*3]entitlement to the relief it seeks. (See Zuckerman v City of New York, 49 NY2d 557 [1980].)
 In Zuckerman, the Court of Appeals reversed the Appellate Division and granted summary judgment to the petitioner, where the only paper submitted in opposition to the motion was the affirmation of the opposing attorney. The court found that the opposing affirmation was without evidentiary value, and that "mere conclusions, expressions of hope or unsubstantiated allegations are insufficient." (Id. at 562.) Furthermore, the establishment of neglect of the first child, which constitutes admissible proof of the neglect of the other children in accordance with Family Court Act § 1046 (a) (i), shifts the burden of proof to the respondent to submit admissible evidence to create a triable issue regarding neglect of the other children; and respondent's failure to submit such evidence allows the court to grant summary judgment as to the other children. (Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178 [1994].)
Although the above case is a neglect matter, the rule enunciated by the Court of Appeals applies just as equally to the instant matter. (Family Ct Act § 165 [a]; Matter of Suffolk County Dept. of Social Servs.)
The burden upon the moving party is to show, by clear and convincing evidence, that it is entitled to invoke the doctrine of equitable estoppel. (Matter of Sandra S. v Larry W., supra; M.S. v K.T., 177 Misc 2d 772 [Fam Ct, Rockland County 1998].) By the movant's failure to submit its prima facie entitlement to the relief it seeks, it has failed to reach the level of clear and convincing proof.
Furthermore, in such an application where there is prima facie an absence of proof, the moving party is not entitled to a hearing and the application for equitable estoppel may be properly dismissed. (See Mobley v Ishmael, 285 AD2d 648 [2d Dept 2001]; Glenn T. v Donna U., 226 AD2d 803 [3d Dept 1996].)
Lastly, respondent states that petitioner's instant application must be denied upon the grounds of res judicata and collateral estoppel, due to the fact that the Commissioner has previously brought the same petition against this respondent, on three prior occasions. In this the respondent is mistaken, as none of the three prior applications were dismissed with prejudice, and there was no finding upon the merits. The cases cited by respondent for his proposition all deal with matters where there was a decision on the merits and, therefore, are not applicable to this instant matter.
Based upon the foregoing, the petitioner's motion is denied and the doctrine of equitable estoppel is not available to the petitioner.