THE CITY OF NEW YORK, Appellant, Respondent, *v.* EMPIRE CITY SUBWAY COMPANY, LTD., Respondent, Appellant.

First Department, April 30, 1920.

**Judgments — entry of judgment on referee's report — proper form of judgment — allowance of partial costs.**

Where a referee's report directs judgment to be entered in accordance with the findings, and the findings clearly indicate that the judgment intended must be for a dismissal of the complaint on the merits, and the report further provides, " No costs are awarded to either party against the other. The expenses of the reference, that is the fees of the referees and stenographers, and the cost of printing the opinion and report, shall be borne by the plaintiff and the defendant equally," the court has no authority to order the entry of a judgment dismissing the complaint without any provision as to costs and expenses. But the judgment must conform to the findings of the referee.

Judgment under the findings should be entered for a dismissal of the complaint upon the merits and for costs to the extent of one-half the sum which the defendant was lawfully required to pay to the referees for taking up the report and one-half the amount which was lawfully required to be paid for printing the report and opinion, and upon the entry thereof the defendant will be required to tax before the clerk such costs, at which time and place the plaintiff will be at liberty to challenge the amount actually paid as unauthorized in whole or in part.

*It seems,* that the cost of printing the report and opinion of the referee could not have been taxed as a part of the cost of reference, if objection had been made.

Under section 3230 of the Code of Civil Procedure a court of equity may award partial costs, and it was, therefore, clearly within the power of the referees to award to either party who should take up the report and pay

referees' fees, the right to tax one-half thereof to the other party, leaving for the clerk in the first instance to determine the amount lawfully required to be paid as such fees.

CROSS-APPEALS from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of November, 1919, denying plaintiff's motion to compel the defendant to enter judgment except upon conditions.

*Willard S. Allen* of counsel [*John F. O'Brien* and *John R. Salmon* with him on the brief; *William P. Burr, Corporation Counsel*], for the plaintiff.

*Edward L. Blackman* of counsel [*Charles T. Russell*, attorney], for the defendant.

SMITH, J.:

Here are cross-appeals from an order denying a motion by the plaintiff to compel the defendant to enter judgment upon the report of the referees herein, " unless within twenty days after the entry of the order herein plaintiff shall stipulate that the judgment to be entered shall contain a provision for the payment of one-half of the actual disbursements made by the defendant, or, in the alternative, that the judgment should include a direction that the plaintiff pay to the defendant one-half of the disbursements lawfully and properly made by the defendant for the purpose of taking up and printing the Referees' report, such amount to be determined by the Court before entry of the judgment upon submission of affidavits by both parties; and it is further ordered that in case the above provisions are complied with the form of the judgment to be entered shall provide for the dismissal of the complaint upon the merits, and shall contain no other adjudication except that above provided for for the return to defendant of of one-half of its actual or taxable disbursements."

The action was brought by plaintiff for an accounting against the defendant under a contract. That contract provided as follows: " Whenever the net annual profits of the party of the second part [this defendant], remaining after the payment of the reasonable and necessary expenses of maintaining and operating such subways,  *  *  *  shall exceed ten

per cent. upon the actual cash capital invested by it in providing, constructing and equipping such subways, * * * then the excess of such profit over the ten per cent. shall be paid into the treasury of the City of New York; but if in any year or years prior to the earnings of such excess the earnings of the party of the second part shall not have equalled ten per cent. then the party of the second part shall be first entitled to recoup itself out of such excess for the difference between the actual annual earnings and the said ten per cent., the intention hereof being that the party of the second part shall have the right to earn and receive such ten per cent. for each and every year, and that no payment shall be made to the City of New York out of such excess of earnings until the party of the second part shall first have actually earned and received ten per cent. for each year theretofore."

The action was brought on November 23, 1903, and the amended complaint was sworn to upon the 12th day of January, 1904. In the report of the referees it was found that the total amount of cash capital invested by the defendant in providing, constructing and equipping subways was $11,229,557.93. It was further found that prior to January 1, 1914, the excess of profits or earnings from the subways to that date, over and above the expenses of maintaining and operating the same, had been insufficient to pay the annual ten per cent reserved to the defendant by the provisions of the contract sued upon by the sum of $2,672,371.57, and the defendant was then, and thereafter continued to be, entitled by the provisions of said contract to recoup itself and to retain that sum out of excess of profits or earnings that should accrue after that date, in addition to the yearly ten per cent reserved to it as stated above, before the plaintiff could have any right or claim to any portion of such excess of future earnings, or before any portion thereof would become payable into the treasury of the city of New York. The report further provided: " No costs are awarded to either party against the other. The expenses of the reference, that is the fees of the referees and stenographers, and the cost of printing the opinion and report, shall be borne by the plaintiff and the defendant equally." The report was dated November 29, 1918.

Upon November 8, 1916, Lamar Hardy, as corporation

counsel, for the plaintiff, and Charles T. Russell, for the defendant, entered into the following stipulation: " It is hereby stipulated by and between the parties hereto, through their counsel and attorneys, that the statutory provision for the Referees' fees be waived,. and that the Referees shall fix such sum as they consider proper compensation for the time and effort expended by them in the business of the reference, or at their election the sum of $25.00 per hour shall be considered such reasonable charge and may be charged by them."

After the determination of this case by the referees the defendant took up the report of the referees paying therefor the sum of $80,000 as referees' fees, and the sum of $995.70 for printing the opinion and the report of the referees, including the number of extra copies desired by both plaintiff and defendant. No judgment was entered and thereupon the plaintiff made a motion upon an order to show cause, requiring the defendant to show cause why the defendant should not enter judgment, or, in default thereof, permit the plaintiff to enter a judgment in the form annexed to the order to show cause marked Exhibit A. That form of judgment which the plaintiff sought to have entered, after reciting the facts, concluding: " Ordered, adjudged and decreed that the complaint herein be and the same hereby is dismissed upon the merits."

The order entered from which this appeal is taken has already been set forth and the court denied the motion unless the plaintiff should stipulate that there might be included in the judgment a provision requiring the plaintiff to pay one-half the actual disbursements of the defendant, or in the alternative one-half of the disbursements lawfully and properly made by the defendant for the purpose of taking up and printing the referees' report, such amount to be determined by the court before entry of the judgment upon submission of affidavits by both parties.

The plaintiff appeals upon the ground that it has the right upon this report of the referees to have a judgment entered dismissing the complaint upon the merits without any other provision. The defendant appeals, claiming to so stipulate would bar it from challenging upon appeal the findings of fact of the referees which are claimed to have erroneously omitted certain items in the cost of construction.

Upon the plaintiff's appeal I think the order as entered cannot be sustained. The referees' report did not order the specific judgment which should be entered, but directed judgment in accordance with the findings. Those findings clearly indicate the judgment intended and that judgment must be for a dismissal of the complaint upon the merits and for costs to the extent of one-half the sum which the defendant was lawfully required to pay to the referees for taking up the report and one-half the amount which was lawfully required to be paid for printing the report and the opinion. This last item seems to have been regarded by both parties as an expense of the reference, otherwise I should be unable to find authority for taxing that as a part of the cost of the reference. Upon the entry of such a judgment the defendant would be required to tax before the clerk such costs, at which time and place the plaintiff would be at liberty to challenge the amount actually paid as unauthorized in whole or in part. I see no occasion for sending this report back to the referees to indicate what is clearly indicated in their report as the judgment to be entered.

The plaintiff challenges the right to tax these disbursements because the referees have stated in their report that no costs are awarded to either party against the other. But that statement is qualified by requiring both parties to pay one-half the fees of the referees and stenographers and the cost of printing the opinion and report. By section 1022 of the Code of Civil Procedure, in an action upon the trial of the whole issues of fact, if costs are in the discretion of the court, it is provided that: " The decision or report must award or deny costs, and if it awards costs it must designate the party to whom the costs to be taxed are awarded." By section 3230 of such Code it is provided, where neither the plaintiff nor the defendant is entitled to costs, of course, " the court may, upon the rendering of a final judgment, in its discretion, award costs to any party in such sum not exceeding the total amount authorized by statute as to the court shall seem just." It was formerly held that in an equity action the court must award entire costs or none. By the amendment of 1900, however, the court was authorized to award costs, " in such sum *not exceeding* the total amount authorized by statute as

to the court shall seem just." (Laws of 1900, chap. 181.) This amendment to the Code authorized a court of equity to award partial costs, and it was, therefore, clearly within the power of the referees to award to either party who should take up the report and pay referees' fees, to tax one-half thereof to the other party, leaving for the clerk in the first instance to determine the amount lawfully required to be paid as such fees. With the judgment as thus entered, the question as to whether the defendant would have the right to appeal and question the amount found by the referees as to the cost of construction and equipment, is not here presented. That question will be raised if the defendant seeks to appeal from the judgment.

The order should, therefore, be amended so as to require the clerk to enter the judgment dismissing plaintiff's complaint upon the merits, and awarding to the defendant as costs one-half the amount lawfully required to be paid for taking up the report and one-half the amount lawfully required to be paid for printing the report and opinion, such amount to be determined upon taxation before the county clerk and, as so amended, the order should be affirmed, without costs to either party.

DOWLING, LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order modified as stated in opinion and as so modified affirmed, without costs. Settle order on notice.