THE CITY OF NEW YORK, Appellant, *v.* EMPIRE CITY SUBWAY COMPANY, LTD., Respondent.

First Department, July 1, 1921.

**References — fees of referee — agreement that referees may fix own fees unenforcible — Code Civil Procedure, § 3296, applied — stipulation that referees might elect to take twenty-five dollars per hour complies with Code — referees not authorized to fix fees at lump sum — facts on motion for retaxation too indefinite to enable Appellate Division to tax costs — expense of printing opinion cannot be taxed in absence of stipulation.]**

The provision of section 3296 of the Code of Civil Procedure that the parties to an action may consent to a different rate of compensation for referees from that stated in the Code does not authorize an agreement or stipulation between the parties permitting the referees to fix their own fees, and such an agreement is unenforcible.

However, a stipulation between the parties in effect that the referees may fix their fees at such sum as they think proper, or at their election the sum of twenty-five dollars per hour may be considered a reasonable charge and may be charged by them, is in substantial compliance with the Code to the extent that it provides that the sum of twenty-five dollars per hour shall be considered a reasonable charge.

Under the stipulation in the instant case the referees were not authorized to fix a lump sum for their fees without regard to the number of hours spent in the business of the reference.

The facts developed on the motion for retaxation are too indefinite to enable the Appellate Division to tax the defendant's costs.

In the absence of a written stipulation of the parties there is no legal warrant for taxing the expenses of printing the opinion of the referee and extra copies, for they constitute an item of expense not included in the rules of court.

APPEAL by the plaintiff, The City of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of March, 1921, denying plaintiff's motion for a retaxation of defendant's bill of costs, which had been taxed by a clerk in the sum of $40,497.85.

*John R. Salmon* of counsel [*James A. Donnelly* with him on the brief; *John P. O'Brien, Corporation Counsel*], for the appellant.

*Edward L. Blackman* of counsel [*Charles T. Russell* with him on the brief], for the respondent.

GREENBAUM, J.:

This action was brought by the plaintiff for the forfeiture of defendant's system of electrical subways, and for an accounting by defendant under certain contracts subsisting between the parties to this action. The issues were referred upon consent to three referees to hear and determine. Hearings before them commenced on or about October 30, 1916. On November 29, 1918, the referees notified the parties that they were prepared to hand down their decision and that their fees had been fixed by them at the sum of $80,000.

The decision of the referees as to costs provides as follows: " No costs are. awarded to either party against the other. The expense of the reference, that is, fees of the referees and stenographers, and the cost of printing the opinion and report, shall be borne by the plaintiff and the defendant equally."

This court upon a former appeal (191 App. Div. 603) affirmed the direction of the referees with respect to the matter of costs and in the order of affirmance awarded to the " defendant as costs in the action one-half of the amount lawfully required to be paid for taking up the referees' report and one-half of the amount lawfully required to be paid for printing the report and opinion of said referees, such amount to be determined upon taxation before the clerk." On September 22, 1920, costs were taxed by the clerk against the plaintiff at the sum of $40,497.85, being one-half of the fees paid to the referees and one-half of the amount paid for printing. Plaintiff moved for a retaxation before the Special Term, which denied plaintiff's motion, and it is from the order of denial that plaintiff appeals.

The record shows that the parties stipulated in writing before entering upon the reference as follows: " It is hereby stipulated by and between the parties hereto, through their counsel and attorneys, that the statutory provision for the referees' fees be waived, and that the referees shall fix such sum as they consider proper compensation for the time and effort expended by them in the business of the reference, or at their election the sum of $25 per hour shall be considered such reasonable charge and may be charged by them."

Section 3296 of the Code of Civil Procedure, which fixes ten dollars as the amount to be paid to a referee for each day expended on a reference, also provides that the parties may

also consent to a different rate of compensation manifested in the minutes of the referee or otherwise in writing.

The Court of Appeals, however, has held that an agreement to permit referees to fix the value of their own services is not in conformity with the provisions of section 3296 of the Code. (*First National Bank* v. *Tamajo*, 77 N. Y. 476; *Griggs* v. *Day*, 135 id. 469.) The stipulation so far as it permitted the referees to fix their own fees is unenforcible. It seems to us, however, that it is in substantial compliance with the statute to the extent that it provides that the sum of $25 per hour shall be considered a reasonable charge. The taxation before the clerk, however, was based upon a lump sum of $80,000 without regard to the $25 per hour limitation. The clerk evidently acted upon the erroneous assumption that the stipulation that the referees may fix such sum as they considered proper compensation was permissible under the law. On the motion for retaxation, affidavits were submitted *pro* and *con.* Accepting the affidavits of the referees in the most favorable aspect to them, the number of hours spent by all of them in the matter of the reference falls far short from warranting any such payment as $80,000. An analysis of the stenographer's minutes made by one of the assistants of the corporation counsel shows that there were fifty-one hearings and twenty-seven adjournments and that the minutes are silent as to the presence of the referees at any of the adjournments. It also appears that one of the referees was present at fifty hearings and the other two on forty-six and forty-two hearings respectively; that at seven of the hearings there were morning and afternoon sessions of three hours each, *i. e.*, six hours per day; that three of the hearings only consumed one hour each and that the remaining forty hearings averaged about three hours each. It also appears that the referees met on occasions to discuss the rulings to be made upon questions of evidence and objections to rulings and that the time thus consumed was about twenty hours. It also appears that the referee to whom was intrusted the task of preparing the draft opinion devoted at least two hundred and sixteen hours to that work and that thereafter the referees met from time to time to discuss the opinion and revisions, consuming about twenty hours, and that nine hours were

devoted to passing upon requests to find. It also appears that one of the referees spent about twenty hours before the hearings began in preparation for the trial.

The referees did not keep any per diem account of their work and their statements are merely estimates. The facts necessary to determine the fees of the referees are too indefinite to enable us to tax defendant's costs.

As to the disbursements for printing the opinion of the referees and extra copies for various persons, it has been held that in the absence of a written stipulation of the parties there is no legal warrant for taxing such expenses because they constitute an item of expense not included in the rules of court. It was so held in *Veeder* v. *Mudgett* (27 Hun, 519, 523).

The taxation having been made upon an erroneous rule of procedure the order must be reversed and a retaxation directed at the rate of twenty-five dollars per hour for the time consumed by each referee. If the parties in interest can stipulate in writing as to the number of hours devoted to the reference by each referee, and if they stipulate in writing as to the amount to be allowed for printing, the order of reversal will include a retaxation upon the basis of such stipulations.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed and motion granted as stated in opinion. Settle order on notice.