OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
After obtaining an original order for attachment in the amount of $30,000, the validity of which was upheld by the Appellate Division (48 AD2d 1017), plaintiff obtained a supplemental order of attachment in an additional amount of $56,-000. On a motion to vacate or to modify the second attachment, vacatur was denied but the issue of "whether or not the amount prescribed by the supplemental attachment is excessive” was referred to a referee to hear and report with recommendations. Following five days of hearings which consisted of testimony by certified public accountants for both parties and by plaintiff’s president and produced over 800 pages of transcript and 43 exhibits, the referee reported in a summary description of the accounts between the parties that "as of March 31, 1975 [the day before issuance of the second attachment], the maximum amount of the claim of PPX for attachment purposes proven before me is $17,638.” On that basis he recommended that the supplemental order of attachment be vacated. Supreme Court granted defendant’s motion to confirm the report of the referee, vacated the supplemental order of attachment and also reduced the amount of the original attachment from $30,000 to $17,638. The Appellate *974 Division modified by deleting the reduction of the first attachment on the ground that the validity and amount of that attachment had not been before Supreme Court or the referee, and otherwise affirmed.
On the appeal to us, plaintiff does not challenge the details, analysis or computation of the accounting reported by the referee. Rather plaintiff asserts that the reference should have been limited to inquiry and report as to the "good faith” of plaintiff’s claim and that it was therefore error on the part of the referee to give a nonbinding advisory opinion on the merits of the controversy without opportunity for pretrial discovery and production of witnesses.
The record fails to disclose any objection by plaintiff to the generality of the reference to the referee, any application to the court or to the referee to make the terms of the reference more specific, or any attempt prior to receipt of the report of the referee to limit the scope of the reference as it is now contended should have been done. In these circumstances we conclude that the contention of error, if any, presently advanced has not been preserved for appellate review.