■ JOLANTA FREEDMAN, Respondent, v LEONARD FREEDMAN, Appellant. [621 NYS2d 610] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered October 12, 1993, which denied defendant's motion to vacate the separation agreement and granted plaintiff's cross-motion to confirm the Referee's report and dismiss the application, unanimously affirmed, without costs.

The law is established that "where questions of fact are submitted to a referee, it is the function of the referee to determine the issues presented, as well as to resolve conflicting testimony and matters of credibility, and generally courts will not disturb the findings of a referee" so long as his or her determination is substantiated by the record *(Kardanis v Velis,* 90 AD2d 727). In the situation herein, the findings of the Referee are fully supported by the record, and there is no basis whatever to disturb the decision of the Supreme Court confirming his report and dismissing defendant's application to set aside the stipulation of settlement.

At the time that defendant signed the subject stipulation, he faced criminal charges arising out of a tax-shelter scheme, and there was a high probability that most, if not all, of the assets that were still in his own name would be seized by the government for restitution purposes. Since the settlement agreement between him and his then wife made no provision

for the support of the couple's two children, and he appears to have been engaged in an effort to shelter his assets, it was not unreasonable to conclude that the marital assets were to be utilized for the support and benefit of the couple's two children. Moreover, during his pretrial incarceration, defendant was accorded psychiatric treatment and received medication. He was examined by a psychiatrist at that time and found to be mentally competent and free of psychosis. He was also determined to be competent to stand trial. There is, consequently, no credible evidence that defendant was mentally incompetent to enter into the settlement agreement or that it was the product of fraud, duress or overreaching on the part of plaintiff.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ.