■ STUART SLATER et al., Appellants, v LINKS AT NORTH HILLS et al., Respondents. [691 NYS2d 101] —In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), entered May 19, 1998, which, inter alia, granted the defendants' motion to confirm the report of a Referee, who, after a hearing, found that the plaintiffs had authorized their attorney to accept the sum of $55,000 in settlement of the action.

Ordered that the order is affirmed, with costs.

The determination of a Referee appointed to hear and report is entitled to great weight, particularly where conflicting testimony and matters of credibility are at issue, since the Referee, as the trier of fact, had the opportunity to see and hear the witnesses and to observe them on the stand (see, e.g., Frater v Lavine, 229 AD2d 564; Schwartz v Meisner, 198 AD2d 634; Bellnier v Bellnier, 158 AD2d 947, 948). The findings of such a Referee will not be disturbed if supported by the evidence in the record (see, Kaplan v Einy, 209 AD2d 248, 251; Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705; see also, Freedman v Freedman, 211 AD2d 580).

The hearing record amply supports the Referee's conclusion that, at least by May 15, 1997, both plaintiffs had given their attorney authority to accept $55,000 in settlement of their action. In addition, both plaintiffs testified at the hearing that after a settlement conference on May 6, 1997, they had told the defendant's counsel that their lawyer would "get back" to him with their response to the defendants' final settlement offer. The plaintiffs are therefore bound by the acts of their admitted agent taken on their behalf within the scope of his actual authority, particularly where, as here, the defendants withdrew a pending appeal in detrimental reliance upon the plaintiffs' counsel's representation that the case was settled (see, e.g., Loschiavo v Port Auth., 58 NY2d 1040; Gstalder v State of New York, 240 AD2d 541; Lowen v Great Atl. & Pac. Tea Co., 223 AD2d 534; Central N. Y. Realty Corp. v Abel, 28 AD2d 50, affd

22 NY2d 963; *Greenwald v Zyvith,* 23 AD2d 201). Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.