■ DAVID C. RICH, Appellant, v JILL P. RICH, Respondent. [723 NYS2d 728] —Peters, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered May 10, 2000 in Saratoga County, which, *inter alia*, granted plaintiff's motion to confirm a Referee's report.

The parties owned and operated Rich Farm, a thoroughbred horse boarding, breeding and racing business (hereinafter the business) in the Town of Stillwater, Saratoga County. Their judgment of divorce, dated August 11, 1994, incorporated a stipulation entered on the record on April 13, 1994 pertaining to, *inter alia*, the equitable distribution of their marital property and the liquidation of their business. In connection therewith, the parties agreed to divide the net proceeds from the sale of the horses, from any and all awards received and from all accounts receivable. Plaintiff also sought outstanding wages, an accounting for the overdraft of the parties' checking account and the division of both their savings and horseman's farm accounts.

In May 1995, plaintiff brought an order to show cause seeking to hold defendant in contempt for lack of compliance with both Supreme Court's directives and the terms of their stipulated settlement. In response, defendant submitted a detailed accounting for the overdraft account and contended that payment had already been made on both the horseman's and savings accounts, and included bank documents supporting such payment. Despite this response, numerous issues remained outstanding, necessitating further discovery. In lieu of a trial, the parties agreed, in open court, that Timothy Pehl, a certified public accountant, would be designated to serve as an informal Referee to review the assets in dispute and report his factual findings to the court.

When the parties and counsel met with the Referee on October 9, 1998 plaintiff submitted all documentation that he

deemed relevant.* By letter dated January 25, 1999, the Referee outlined the approach that he intended to use with respect to his valuation of the horses, their purse earnings and expenses associated with training and boarding to offset against their sale; no other disputed assets were mentioned. Prior to the issuance of a draft report, the parties and counsel again met with the Referee to discuss valuation. Such draft report, dated June 28, 1999, identified, at its outset, the same issues previously reviewed by the Referee during the preliminary meeting. It concluded that plaintiff was due $34,313.96.

By letter dated July 20, 1999, counsel for plaintiff challenged the Referee's request and receipt of documentation from defendant or her attorney without the provision of copies to him. By letter of July 21, 1999, the Referee advised him that this approach was specifically discussed during their preliminary meeting and that the records provided and ultimately used were always available for review. Counsel for plaintiff thereafter detailed his objections to the draft report by letter of August 31, 1999. Included were objections to the use of defendant's tax returns to establish expenses that would offset the sale of horses, the Referee's failure to address the various awards received by defendant and the issue of outstanding wages.

In September 1999, plaintiff brought a second order to show cause to enforce the divorce judgment. The parties continued to disagree as to, *inter alia*, the amounts still owed. The Referee presented his final report to Supreme Court by letter dated October 19, 1999 in which he expanded his earlier report to include a division of the outstanding awards. After reiterating his original objectives, the Referee's report found $50,904.79 to constitute plaintiff's gross interest from proceeds of purse earnings, horse sales and awards.

Defendant's motion to confirm the Referee's report was challenged. After an examination of these contentions, Supreme Court found the report to be rationally based with the parties posing no viable argument against confirmation and entered judgment. Plaintiff appeals.

The record belies defendant's initial contention that plaintiff's arguments on appeal against confirmation were not properly preserved. Contrary to defendant's assertion, the scope of the reference is not at issue (*cf.*, *PPX Enters. v Scepter Records*, 43 NY2d 972, 974, *cert denied* 437 US 905), only the propriety of Supreme Court's confirmation of the report once issued.

---

* Such submission included, *inter alia*, court orders, depositions, affidavits, tax documents as well as other forms of correspondence, agreements and financial summaries regarding the awards and accounts receivable.

"The determination of a Referee appointed to hear and report is entitled to great weight, particularly where conflicting testimony and matters of credibility are at issue, * * * [and it] will not be disturbed if supported by the evidence in the record" (*Slater v Links at N. Hills*, 262 AD2d 299 [citations omitted]). Here, it is evident that the parties themselves chose Pehl to act as Referee and that his recommendations were based upon his financial analysis of all records presented—a matter falling wholly within his expertise as a certified public accountant. Although we agree that the appointment lacked the procedural formalities prescribed in CPLR article 43, we must note that "unless public policy is affronted, parties to a civil dispute are free to chart their own litigation course" (*Mitchell v New York Hosp.*, 61 NY2d 208, 214) and "fashion the basis upon which a particular controversy will be resolved" (*Cullen v Naples*, 31 NY2d 818, 820). To the extent that the challenge pertains to the failure of the Referee to address and report upon all of the outstanding issues between these parties concerning the equitable distribution of their marital property, we do not find Supreme Court's confirmation of the report, as issued, to foreclose the court's authority to hear and determine all remaining issues.

Turning to plaintiff's challenge to the Referee's unilateral communication with and receipt of documents from defendant, the record reveals that the Referee notified the parties and their counsel, both initially and throughout his involvement, that he intended to pursue this course of acquiring needed information pertaining to the expenses and management of the business and there appear to have been offers to plaintiff's counsel to review the records once provided. Upon these facts, there exists no viable challenge.

With Supreme Court's findings on the limited issues addressed by the Referee's report fully supported by the record, no abuse of discretion can be found in the confirmation thereof. Reviewing and rejecting all remaining challenges as without merit, the confirmation is affirmed.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

