■ ANONYMOUS, Appellant, v ANONYMOUS, Respondent. [735 NYS2d 26] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about May 25, 2000, which, *inter alia*, granted, in part, defendant's cross motion to confirm the report of the special referee with respect to the economic issues raised in this matrimonial action, order, same court and Justice, entered on or about May 25, 2000, which, *inter alia*, granted plaintiff's motion insofar as it sought reargument, but adhered to the court's prior order entered on or about May 25, 2000; order, same court (Jacqueline Silbermann, J.), entered on or about July 6, 2000, which, *inter alia*, granted defendant's cross motion to direct plaintiff to continue to provide defendant with health insurance coverage, and order, same court and Justice, entered on or about October 24, 2000, which, *inter alia*, denied plaintiff's motion for a stay of orders directing payment to the wife out of plaintiff's pension funds, unanimously affirmed. Order, same court (Jacqueline Silbermann, J.), entered on or about January 22, 2001, which, *inter alia*, denied plaintiff's motion to terminate his responsibility for defendant's health insurance coverage upon the ground that defendant had, since the aforesaid order of July 6, 2000, received her distributive award, unanimously modified, on the law and the

facts, to grant plaintiff's motion insofar as to direct that plaintiff's obligation to pay for defendant's health insurance be terminated as of August 8, 2000 and to allow plaintiff to offset any payments made for defendant's health insurance arising after August 8, 2000 against future maintenance payments, and otherwise affirmed, without costs.

The court, on the basis of the facts duly found by the referee, properly exercised its discretion (see, Loeb v Loeb, 186 AD2d 174) in concluding that, based upon defendant wife's age, health and education, the parties' pre-divorce standard of living and length of marriage, and plaintiff husband's income, a 10-year durational maintenance award of $4,300 per month was appropriate. The court also acted well within its discretion in confirming that portion of the referee's report which determined that the wife should be awarded 50% of the value of the husband's law practice (see, Dempster v Dempster, 236 AD2d 582, lv denied 90 NY2d 806). The special referee had the advantage of hearing the witnesses and observing their demeanor, and his evaluation of their credibility is entitled to deference on appeal (see, Atwal v Atwal, 270 AD2d 799, lv denied 95 NY2d 761).

Plaintiff argues that the court erred in determining to distribute 50% of his pension plans to defendant but not to distribute any of defendant's pension plans to him. The court, in its order dated October 14, 1998, indicated that each party would be entitled to 50% of the value of the other's pension plans. However, distribution of 50% of defendant's pension plan to plaintiff without increasing defendant's cash award would not have been consistent with the court's determination that the marital property in the aggregate was to be evenly divided between the parties; if the court had chosen to distribute 50% of defendant's pension plan to plaintiff it would have had to increase the wife's $295,000 cash payment to $330,149 to ensure equal distribution of the marital assets. Accordingly, the court's determination to award but not distribute to plaintiff 50% of defendant's pension plan constituted an acceptable means of realizing the court's equitable objectives.

Plaintiff also argues that the court erred in valuing the parties' cooperative apartment at $60,000, instead of $50,000 pursuant to an alleged stipulation, and by failing to take into account the mortgage on the cooperative apartment. However, the court's valuation of the cooperative apartment was appropriate. Plaintiff never presented to the court a copy of the alleged stipulation to establish that the value agreed to was, in fact, $50,000, nor did he demonstrate to the court that proof of

the purported mortgage was offered into evidence before the referee.

The court's order, entered on or about October 24, 2000, properly denied plaintiff's motion for a stay. The relevant case law and statutes are quite clear that the challenged distribution from plaintiff's ERISA pension plans was permissible (*see,* 26 USC § 414 [p] [1]; *see also, Kaplan v Kaplan,* 82 NY2d 300; *and see, Adler v Adler,* 224 AD2d 282).

Finally, the court ordered the husband, in its order entered on or about July 6, 2000, to pay for defendant's health insurance because she had not yet received her share of the equitable distribution. However, as demonstrated in plaintiff's subsequent motion, defendant later received her full share of the distribution by August 8, 2000, thus negating the need for plaintiff to pay for her health insurance. Accordingly, we grant an offset to plaintiff against future payments due to defendant for the health insurance amounts paid after August 8, 2000.

We find plaintiff's remaining arguments unavailing. Concur—Sullivan, P. J., Nardelli, Tom, Saxe and Friedman, JJ.