RICHARD SHEN, Respondent, v MELISSA MEI-LIN SUN SHEN, Appellant. [803 NYS2d 579]—

In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Queens County (Strauss, J.), dated July 8, 2004, which, inter alia, granted that branch of the plaintiff's motion which was to confirm the report of a referee dated February 26, 2004, made after a hearing, and denied those branches of her cross motion which were to reject the report and for a new hearing, and (2), as limited by her brief, from so much of a judgment of the same court entered November 18, 2004, as, upon the order, awarded the parties joint legal custody of their children, equitably distributed the parties' property, and directed her to pay $41,934 toward the plaintiff's counsel fees.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts, by (1) deleting from subdivision (1) of the seventh decretal paragraph thereof the provisions determining that the defendant's T. Rowe Price IRA and California bank account constitute marital property subject to equitable distribution and awarding the plaintiff a 50% share of those assets, (2) deleting subdivision (2) (i) (d) from the seventh decretal paragraph thereof, (3) deleting from subdivision (2) (iii) of the seventh decretal paragraph thereof the figures of $121,904, $141,740, $51,034, $70,870, and $51,034 and substituting therefor the figures of $108,815, $128,651, $44,489.50, $64,325.50, and $44,489.50, respectively; (4) deleting from subdivision (2) (v) of

the seventh decretal paragraph thereof the word "three," (5) deleting from subdivision (2) (v) of the seventh decretal paragraph thereof the figures of $10,162, $5,081, and $4,237 and substituting therefor the figures of $4,244, $2,122, and $1,278, respectively; and (6) deleting the eighth decretal paragraph thereof and substituting therefor a provision directing the defendant to pay $22,000 toward the plaintiff's counsel fees, said sum to be paid directly to the plaintiff's attorney in 12 equal monthly installments commencing no later than 30 days after the service of a copy of this decision and order upon the defendant; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant contends that the referee who was appointed to hear and report with regard to the issues raised in this action exhibited bias against her, and that the Supreme Court should have directed a new hearing on the issues. However, the defendant waived any claim of bias by her conduct in raising the issue of bias for the first time after the hearing, after the referee prepared her report, and after the plaintiff moved to confirm the report (see Dime Sav. Bank of N.Y. v Glavey, 214 AD2d 419 [1995]; Fisher v Fisher, 223 App Div 19 [1928], affd 250 NY 313 [1929]). In any event, the record fails to support her claim of bias (see Poster v Poster, 4 AD3d 145 [2004]).

Where a referee's findings are supported by the record, the court should confirm the referee's report and adopt the recommendation made therein (see Slater v Links at N. Hills, 262 AD2d 299 [1999]; Frater v Lavine, 229 AD2d 564 [1996]). The majority of the referee's findings in this case, including those regarding the custody of the parties' children, were amply supported by the evidence and were properly upheld by the Supreme Court. However, the determination that a particular IRA and bank account owned by the defendant constituted marital property subject to equitable distribution was not supported by the record. Those accounts were opened by the defendant prior to the parties' marriage, she deposited no funds in them during the marriage, and any increase in their value was not attributable to the plaintiff (see Domestic Relations Law § 236 [B] [1] [d] [1], [3]; Harris v Harris, 242 AD2d 558 [1997]). Accordingly, the court should not have distributed those accounts (see

Domestic Relations Law § 236 [B] [5] [b]), and we modify the judgment to reflect the deletion of those assets from the equitable distribution directed by the court.

Furthermore, in view of the respective assets and earning capacities of the parties and the other relevant factors in this case (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]), the court improvidently exercised its discretion in directing the defendant to pay $41,934, or approximately 75%, of the plaintiff's counsel fees. Under the circumstances of this case, an award of $22,000 or approximately 40% of the plaintiff's total counsel fees, is appropriate.

The defendant's remaining contentions are without merit. Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur.