■ ROYAL & SUN ALLIANCE et al., Respondents, v NEW YORK CENTRAL MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant. [814 NYS2d 553]—

In an action for a judgment, inter alia, declaring that the plaintiff Royal & Sun Alliance is entitled to reimbursement from the defendant New York Central Mutual Insurance Company of all costs associated with the defense and settlement of an underlying personal injury action entitled *Basso v Felsenburg,* commenced in the Supreme Court, Kings County, under Index No. 564/97, the defendant New York Central Mutual Insurance Company appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated June 14, 2005, which granted the plaintiffs' motion to confirm a report of a judicial hearing officer dated February 28, 2004, and for summary judgment declaring that the plaintiff Royal & Sun Alliance is entitled to reimbursement from it of all costs associated with the defense and settlement of the underlying personal injury action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff Royal & Sun Alliance is entitled to reimbursement from the defendant New York Central Mutual Insurance Company of all costs associated with the defense and settlement of the underlying personal injury action.

The Supreme Court properly confirmed the report of the judicial hearing officer (hereinafter the JHO), who was appointed to hear and report on the issue of whether the vehicle owned by the appellant's insured was a "private passenger auto." "Where a referee's findings are supported by the record, the court should confirm the referee's report and adopt the recommendation made therein" (*Shen v Shen,* 21 AD3d 1078, 1079 [2005]; *see Slater v Links at N. Hills,* 262 AD2d 299 [1999]). The JHO's finding that the subject vehicle remained a private passenger auto despite the fact that the insured's son also used it for his volunteer work is supported by the evidence presented at the hearing, and we decline to disturb it. Furthermore, since the exclusion upon which the appellant relied in disclaiming coverage did not apply to the use of a "private passenger auto," the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment making the appropriate declaration in favor of the plaintiffs (*see Lanza v*

*Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.