■ JAMES MALLOY, Appellant, v SHEILA A. MALLOY, Respondent. [835 NYS2d 262]—

In an action for a divorce and ancillary relief, the husband appeals from stated portions of a judgment of the Supreme Court, Westchester County (Tolbert, J.), dated September 9, 2005, which, upon a decision entered June 15, 2005, made after a nonjury trial, inter alia, equitably distributed the parties' marital assets.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the wife a distributive award in the sum of $26,480, and substituting therefor a provision awarding the wife a distributive award in the sum of $24,856.13; as so modified, the judgment is affirmed insofar as appealed from, without costs and disbursements.

We reject the husband's contention that the Supreme Court erred in using the date of commencement of the action as the valuation date for his savings and thrift plan, as opposed to the date of the trial, as the husband failed to either secure the wife's stipulation to the valuation he now contends should have been

used, or to introduce any evidence as to that valuation at the trial (see *Anonymous v Anonymous*, 289 AD2d 106, 107-108 [2001]; *Verrilli v Verrilli*, 172 AD2d 990, 993 [1991]).

The husband further argues that the Supreme Court should have valued the other marital assets as of the date of the parties' separation in 1994, since neither party thereafter contributed to the appreciation of the other's assets. However, pursuant to Domestic Relations Law § 236 (B) (4) (b), the Supreme Court was required to select a valuation date from "anytime from the date of commencement of the action to the date of trial." In this case, the Supreme Court providently exercised its discretion in selecting the date of the commencement of the action as the valuation date for the parties' pensions and the husband's savings and thrift plan (see *D'Angelo v D'Angelo*, 14 AD3d 476 [2005]).

It was improper for the Supreme Court to have valued the marital residence as of the date of the parties' separation. Under the circumstances of this case, the husband should have been awarded a 25% share of the net proceeds from the sale of the home, which was consummated shortly before commencement of the trial. Because these proceeds were in the sum of $139,775.49, the husband is entitled to a credit in the sum of $34,943.87.

The Supreme Court also improperly valued the wife's pension by reducing it by the amount of a loan she took out against the pension, as there was no evidence that the loan was used for marital purposes (see *Feldman v Feldman*, 204 AD2d 268, 270 [1994]). Consequently, the pension should have been valued in the sum of $121,312, representing the sum of $99,400 plus interest, without any reduction for the loan. Accordingly, the husband was entitled to a credit for 40% of that amount, i.e., in the sum of $48,524.

Based on these modifications, the wife is entitled to a distributive award in the sum of $24,856.13. The husband's remaining contention is without merit. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.