■ JOSEPH J. FERENTINI, Respondent, v MARIA S. FERENTINI, Appellant. [899 NYS2d 335]—

In an action for the partition and sale of real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated September 30, 2008, as granted those branches of the referee's motion which were (1) to confirm so much of the referee's report, dated May 25, 2008, issued after a hearing, as, in effect, found that (a) withdrawals she made from certain bank accounts in the sum of $57,587 were not used for property-related expenditures, (b) payments she made for accounting fees in the sum of $16,843 were not property-related expenditures, (c) payments she made for certain "miscellaneous" expenses in the sum of $39,670.33 were not property-related expenditures, and (d) payments she made for landscaping fees in the sum of $5,600 were not reasonable property-related expenditures, and (2) for an award of a fee in the sum of $27,540.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the referee's motion which was for an award of a fee in the sum of $27,540, and substituting therefor a provision granting that branch of the

motion only to the extent of awarding the referee a fee in the sum of $27,040 and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1984 the plaintiff and the defendant purchased certain vacant land (hereinafter the property) located in South Salem. The plaintiff and the defendant, who owned the property as tenants in common, formed a corporation for the purpose of, inter alia, building a house on the property. A house was then constructed on the property, and rented for several years. The defendant was the sole manager of the property. Thus, she collected rents from the tenants of the house and made certain expenditures towards the maintenance of the property.

In 1996 the plaintiff commenced this action, seeking the partition and sale of the property. The Supreme Court appointed a referee to act as receiver of, and to sell, the property. The Supreme Court also directed the referee to conduct an accounting with respect to the receipts and expenses of the property, and make a recommendation as to the distribution of the net proceeds of the sale. Accordingly, the referee sold the property, conducted a hearing in connection with the accounting, and issued a report. In his report, the referee made certain findings and, based on those findings, recommended that the net proceeds of the sale of the property should be distributed between the parties in a particular manner. After he issued his report, the referee moved, inter alia, to confirm the report and for an award of a fee. In the order appealed from, the Supreme Court, inter alia, granted those branches of the referee's motion.

Where, as here, a referee is appointed to hear and report, the referee's report and recommendation "should be confirmed if the findings in the report are supported by the record" (*Frater v Levine*, 229 AD2d 564, 564 [1996]; *see Royal & Sun Alliance v New York Cent. Mut. Ins. Co.*, 29 AD3d 886, 887 [2006]; *Shen v Shen*, 21 AD3d 1078, 1079 [2005]). Here, although the defendant challenges a finding in the referee's report concerning her use of certain funds she withdrew from certain bank accounts, and challenges other findings in the referee's report concerning certain payments she made, the challenged findings are supported by the record. Accordingly, the Supreme Court properly granted that branch of the referee's motion which was to confirm the report.

Regarding that branch of the referee's motion which was for an award of a fee, the referee sought compensation for, inter alia, two hours he spent conducting the hearing on September

6, 2007. However, it appears from the record that the hearing concluded on September 5, 2007, for which date he was paid. We reduce the fee awarded to the referee accordingly (*cf. City of New York v Empire City Subway Co., Ltd.*, 197 App Div 643, 645-646 [1921]).

The defendant's remaining contentions are either not properly before this Court or without merit. Covello, J.P., Miller, Balkin and Chambers, JJ., concur.