■ FRANK DEPASQUALE, Appellant, v PATRICIA DEPASQUALE, Respondent. [919 NYS2d 915]—

In a matrimonial action in which the parties were divorced by judgment dated June 8, 1988, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated March 8, 2010, as, upon a decision of the same court dated January 28, 2010, granted that branch of the motion of the defendant former wife which was to reject in part so much of a referee's report (Sayegh, R.), dated September 29, 2009, as recommended that the defendant former wife pay to the plaintiff former husband the sum of $50,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

Approximately 14 years after the parties were divorced, a referee was appointed to sell the former marital residence and determine the amounts due and owing to the parties. The referee, inter alia, determined the value of the former marital residence, calculated the amount of the unpaid judgments owed by the plaintiff former husband to the defendant former wife plus interest, and recommended that the defendant pay to the plaintiff the sum of $50,000.

The Supreme Court properly rejected the portion of the Referee's report which recommended that the defendant pay to the plaintiff the sum of $50,000, as that portion of the report was unsupported by the record (*see Shen v Shen*, 21 AD3d 1078, 1079 [2005]). Although the Referee apparently made this recommendation in an effort to offset the interest that accrued on the plaintiff's unpaid judgments, which occurred during the period of the defendant's delay in selling the former marital residence, the Supreme Court properly found that the Referee failed to consider the appreciation in the value of the former marital

residence, and the corresponding increase in the plaintiff's equity interest in the former marital residence, during that same time period. Accordingly, the Referee's recommendation that the defendant pay to the plaintiff the sum of $50,000 was properly rejected, as it lacks sufficient support in the record.

The plaintiff's remaining contention is without merit. Rivera, J.P., Dillon, Hall and Roman, JJ., concur.