■ GALASSO, LANGIONE & BOTTER, LLP, Formerly Known as GALASSO, LANGIONE, LLP, Respondent, v ANTHONY P. GALASSO et al., Defendants. THOMAS F. LIOTTI, Nonparty Appellant. (Action No. 1.) SIGNATURE BANK, Plaintiff, v GALASSO, LANGIONE & BOTTER et al., Defendants. (Action No. 2.) GALASSO, LANGIONE & BOTTER, LLP, Respondent, et al., Plaintiffs, v SIGNATURE BANK et al., Defendants. THOMAS F. LIOTTI, Nonparty Appellant. (Action No. 3.) WENDY BARON et al., Plaintiffs, v ANTHONY GALASSO et al., Defendants, and GALASSO, LANGIONE & BOTTER, LLP, Respondent. THOMAS F. LIOTTI, Nonparty Appellant. (Action No. 4.) [933 NYS2d 73]—

Peter Galasso, a partner in the law firm Galasso, Langione & Botter, LLP (hereinafter GLB), represented Stephen Baron in his divorce. Baron designated GLB as his escrow agent in June 2004, and instructed it to hold almost $5 million in an escrow account. Peter's brother, Anthony P. Galasso (hereinafter Anthony), was GLB's bookkeeper. In January 2007 Anthony confessed that he had stolen approximately $4.4 million from the escrow account. Nonparty Thomas F. Liotti is a criminal

defense attorney who represented Anthony in the criminal proceeding prosecuted against him in connection with the theft. Following Anthony's arraignment, Liotti made a statement to a reporter, which was published in Newsday, accusing the attorneys at GLB of stealing money from their clients' accounts. An action alleging defamation ensued (*see Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 880 [2011]). Liotti moved to consolidate the defamation action against him with a commercial action in which Anthony was a defendant. In an order dated February 6, 2009, the Supreme Court denied the motion, and imposed sanctions on Liotti. This Court affirmed (*see Galasso, Langione & Botter, LLP v Galasso*, 81 AD3d 879 [2011]).

In the order denying Liotti's motion to consolidate, the Supreme Court also referred the matter to a referee to hear and report on the issue of the amount of the appropriate award of an attorney's fee and costs against Liotti. After a hearing, the referee recommended that GLB was entitled to a total award in the sum of $6,553.75. GLB moved to confirm the referee's report. Liotti cross-moved to reject the report. In an order dated January 20, 2010, the Supreme Court granted GLB's motion to confirm the report, and denied Liotti's cross motion. We affirm.

Although the court is entitled to reject the report of a referee and make new findings (*see* CPLR 4403; *Stein v American Mtge. Banking*, 216 AD2d 458 [1995]), the report and recommendations of a referee should be confirmed if his or her findings are supported by the record (*see Sichel v Polak*, 36 AD3d 416 [2007]; *Baker v Kohler*, 28 AD3d 375 [2006]). The credibility determination of a referee's report are entitled to deference on appeal, since the referee had the opportunity to see and hear the witnesses (*see Contarino v North Shore Univ. Hosp. at Glen Cove*, 13 AD3d 571 [2004]; *Anonymous v Anonymous*, 289 AD2d 106, 107 [2001]; *Slater v Links at N. Hills*, 262 AD2d 299 [1999]). Further, "[t]he determination of a reasonable attorney's fee is generally left to the discretion of the Supreme Court, which is usually in the best position to determine the factors integral to determining reasonable fees" (*Utica Mut. Ins. Co. v Magwood Enters., Inc.*, 15 AD3d 471, 472 [2005]).

Here, the Supreme Court properly confirmed the referee's report. GLB's attorney testified that he had practiced law for 26 years, and usually charged $375 per hour. Because of his close relationship to GLB, he only charged $325 per hour to respond to Liotti's motion. According to the time records of GLB's attorney, which were entered into evidence, GLB's attorney spent 19.75 hours on the matter, resulting in a fee of $6,418.75, plus disbursements in the sum of $135, for a total of $6,553.75. Liotti

gave the referee no reason to question either the attorney's credibility, or the authenticity of the documents entered into evidence. Indeed, as the Supreme Court stated, Liotti's opposition to the motion to confirm was based on "an ad hominem attack on the Referee, which is totally inappropriate," and "comments on the qualifications of the Justices before whom this and the defamation matter are pending."

Liotti's remaining contentions are not properly before this Court. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.