■ Deniss Tihomirovs, Appellant, v Nadejda Tihomirovs, Also Known as Nadia Tihomirovs, Respondent. [998 NYS2d 445]—

In a matrimonial action in which the parties were divorced by judgment dated June 17, 2011, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Prus, J.), dated August 14, 2012, as confirmed so much of a report of a Referee (Henderson, Ct. Atty. Ref), dated September 23, 2011, as, after a hearing, recommended that the defendant be awarded arrears in the sum of $10,330.69 and an attorney's fee in the sum of $30,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

In an order of reference dated September 20, 2010, a motion by the defendant, inter alia, to enforce the terms of prior on-the-record stipulations between the parties, to hold the plaintiff in contempt for his alleged failure to fulfill his obligations under those stipulations, and for an award of an attorney's fee, was referred to a Referee to hear and report. The defendant alleged that the plaintiff failed to fulfill his obligations, inter alia, to pay child support and childcare expenses with respect to the sole child of the parties' marriage.

On February 2, 2011, the parties appeared for a hearing before the Referee. At the start of the hearing, the parties stipulated that the Referee could hear and determine, rather than hear and report upon, all of the issues except for contempt (*see* CPLR 4317). However, the parties did not obtain leave of the court, as is required in matrimonial actions (*see* CPLR 4317 [a]). Therefore, despite the parties' stipulation, the Referee had the power only to hear and report her findings, as set forth in the Supreme Court's order of reference (*see* CPLR 4317; *cf. Matter of Rivera v Arocho*, 120 AD3d 1350, 1351 [2014]).

In a report dated September 23, 2011, the Referee found that, pursuant to the terms of the prior on-the-record stipulations between the parties, the plaintiff owed the defendant $9,035.25 in arrears for child support and childcare expenses, and $1,295.44 for a telephone bill containing charges incurred during the marriage. Accordingly, the Referee recommended that the defendant be awarded arrears in the sum of $10,330.69. The Referee further recommended that the defendant be awarded an attorney's

fee in the sum of $30,000 pursuant to Domestic Relations Law § 238. Additionally, the Referee recommended, inter alia, that the plaintiff should not be held in contempt.

In an order dated August 14, 2012, the Supreme Court confirmed and adopted the Referee's report and the recommendations contained therein (see CPLR 4301). The plaintiff appeals, as limited by his brief, from so much of that order as confirmed the Referee's recommendations to award the defendant arrears in the sum of $10,330.69 and an attorney's fee in the sum of $30,000.

Contrary to the defendant's contention, the plaintiff correctly appealed from the Supreme Court's order confirming the Referee's report, rather than the report itself (see CPLR 4403; CPLR 5511; cf. Matter of Rivera v Arocho, 120 AD3d at 1351; Sternberg v Sternberg, 88 AD2d 950 [1982]).

Although the Supreme Court is entitled to reject the report of a referee and make new findings (see CPLR 4403; Galasso, Langione & Botter, LLP v Galasso, 89 AD3d 897, 898 [2011]), the report and recommendations of a referee should be confirmed if his or her findings are supported by the record (see Shen v Shen, 21 AD3d 1078, 1079 [2005]; Slater v Links at N. Hills, 262 AD2d 299, 299 [1999]). The credibility determinations of a referee are entitled to deference on appeal, since the referee had the opportunity to see and hear the witnesses (see Galasso, Langione & Botter, LLP v Galasso, 89 AD3d at 898). Here, contrary to the plaintiff's contention, the Supreme Court properly confirmed the Referee's findings that the defendant is entitled to an award of arrears in the sum of $10,330.69 and an award of an attorney's fee in the sum of $30,000, as these findings are amply supported by the record, including the credibility determinations made by the Referee (see Dimino v Dimino, 39 AD3d 799, 800 [2007]; Slater v Links at N. Hills, 262 AD2d at 299; Freedman v Freedman, 211 AD2d 580 [1995]).

The plaintiff's contention that the so-ordered stipulations of settlement underlying the Referee's report did not comply with the requirements of the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [h]) is raised for the first time on appeal and not properly before this Court (see Taormina v Taormina, 85 AD3d 766 [2011]; Nash v Yablon-Nash, 61 AD3d 832, 833 [2009]; Leroy v Leroy, 298 AD2d 923, 923 [2002]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Roman, Miller and Maltese, JJ., concur.