*807 OPINION OF THE COURT
Francois A. Rivera, J.
Background
On April 8, 2011, Flagstar commenced the instant residential mortgage foreclosure action by filing a summons, verified complaint and a notice of pendency with the Kings County Clerk’s Office (KCCO).
Defendants Pamela Walker and Bevan Walker each interposed an answer with counterclaims dated April 19, 2011 which they filed with the KCCO on April 29, 2011. No other defendant has answered the complaint. Only defendant Bevan Walker has opposed Flagstar’s motion sequence number six.
On October 25, 2011, January 3, 2012 and February 29, 2012, Flagstar and defendant Bevan Walker participated in settlement conferences conducted pursuant to CPLR 3408 before Judicial Hearing Officer W. Davis (hereinafter JHO Davis). By directive dated February 29, 2012, JHO Davis made a finding that Flagstar had not negotiated in good faith and referred the matter to Supreme Court Justice Kramer with a recommendation that the court conduct a bad faith hearing (hereinafter the JHO directive).
On May 14, 2012, Justice Kramer conducted a hearing on whether Flagstar lacked good faith during the settlement conferences. By decision and order issued on May 31, 2012 (hereinafter the subject order), Justice Kramer found, among other things, that the note encumbering the property that was the subject of the foreclosure action was not eligible for modification under the Home Affordable Modification Program (HAMP). Nevertheless, Justice Kramer directed that Flagstar reevaluate Bevan Walker for a loan modification by applying the HAMP guidelines and stayed all proceedings pending the outcome of its reevaluation.
Flagstar appealed the subject order to the Appellate Division, Second Department. By decision and order dated December 26, 2013, the Appellate Division, Second Department found that the loan was ineligible for modification under HAMP (Flagstar Bank, FSB v Walker, 112 AD3d 885 [2d Dept 2013]). It further found that the relief granted by the subject order was inappropriate, and that the matter was to be remitted to the Supreme Court for an appropriate remedy (id.).
Flagstar’s motion sequence number five sought an order rejecting the JHO directive for a bad faith hearing and allowing Flagstar to continue to prosecute the foreclosure action.
*808 On May 12, 2014, during oral argument of motion sequence number five, this court advised Flagstar and Bevan Walker that if either one of them wanted the court to reject or confirm the JHO’s directive then they would need to make a motion seeking that relief.
In accordance with the court’s recommendation, Flagstar filed motion sequence number six. Bevan Walker did not do so but did submit opposition to motion sequence six.
Law and Application
CPLR 3408 requires a mandatory settlement conference in every “residential foreclosure action” involving a home loan as defined in RPAPL 1304 “in which the defendant is a resident of the property subject to foreclosure” (see CPLR 3408 [a]). The statute further provides, “Both the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible” (CPLR 3408 [f]).
In Kings County Supreme Court all residential mortgage foreclosure actions involving home loans that are referred to settlement conferences pursuant to CPLR 3408 are presided over by special referees who have authority to conduct the conferences. These special referees may also refer the matter to the individually assigned judge with recommendations. In the instant case the Special Referee was JHO Davis who found that the plaintiff was not negotiating in good faith and referred the matter with a recommendation that the court conduct a hearing to determine same, and if appropriate, determine an appropriate remedy or sanction.
Uniform Rules for Trial Courts (22 NYCRR) § 202.12-a sets forth the various requirements for residential mortgage foreclosure actions including participation in settlement conferences required by CPLR 3408.
22 NYCRR 202.12-a (c) (4) specifically mandates that the parties shall engage in settlement discussions in good faith to reach a mutually agreeable resolution, including a loan modification if possible. 22 NYCRR 202.12-a (c) (7) provides that motions shall be held in abeyance while settlement conferences are being held pursuant to this section.
22 NYCRR 202.44 (a) pertains to motions to confirm or reject judicial hearing officer’s report or referee’s report and provides in pertinent part as follows:
*809 “(a) When a judicial hearing officer or referee appointed to hear and report has duly filed his or her report, together with the transcript of testimony taken and all papers and exhibits before him or her in the proceedings, if any, and has duly given notice to each party of the filing of the report, the plaintiff shall move on notice to confirm or reject all or part of the report within 15 days after notice of such filing was given. If plaintiff fails to make the motion, the defendant shall so move within 30 days after notice of such filing was given.”
The issue of how to deal with the recommendation of a settlement conference special referee was carefully analyzed and discussed by Justice Battaglia in the matter of HSBC Bank USA v McKenna (37 Misc 3d 885 [Sup Ct, Kings County 2012]). This court finds Justice Battaglia’s analysis persuasive and deems the JHO’s recommendation to be from a referee appointed to hear and report. The recommendation is, therefore, subject to confirmation or rejection in whole or in part by the participants and the court.
“Although the court is entitled to reject the report of a referee and make new findings . . . , the report and recommendations of a referee should be confirmed if his or her findings are supported by the record.” (Id. at 894, citing Galasso, Langione & Botter, LLP v Galasso, 89 AD3d 897, 898 [2d Dept 2011].)
After careful consideration of Flagstar’s motion papers and Bevan Walker’s opposition papers the court rejects the Special Referee’s recommendation. Flagstar’s motion papers demonstrate that it made several offers to modify the terms of the subject note each of which were flatly rejected by Bevan Walker. Although Flagstar may have refused to evaluate the subject loan using HAMP guidelines, this fact cannot and does not constitute bad faith since it was under no obligation to consider the loan pursuant to HAMP guidelines. The court cannot deem the two loan modification offers made by Flagstar during settlement conferencing to be unreasonable or in bad faith simply because the projected monthly payment amount of the proffered modified loans were higher than what the defendant wanted to pay or higher than he could comfortably afford.
With regard to Flagstar’s application pursuant to CPLR 3001 for a declaratory judgment that it negotiated in good faith it must be denied for the following reason. Pursuant to CPLR 3001, the supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other *810 legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed. To constitute a justiciable controversy, there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect (see Chanos v MADAC, LLC, 74 AD3d 1007, 1008 [2d Dept 2010]). Flagstar’s instant residential mortgage foreclosure complaint does not plead a claim for or demand a remedy of a declaratory judgment that it negotiated in good faith during settlement conferencing. Consequently, there is no articulated action for which the court may render a declaratory judgment. The court, nevertheless, finds that Flagstar did not negotiate in bad faith during the settlement conferences conducted pursuant to CPLR 3408.
Accordingly, the stay provision of 22 NYCRR 202.12-a (c) (7) is hereby lifted and the parties may proceed with the prosecution and defense of the action.
Conclusion
Flagstar’s motion for an order rejecting the JHO’s directive dated February 29, 2012, pursuant to 22 NYCRR 202.44 (a) is granted.
Flagstar’s motion for an order finding that it negotiated in good faith pursuant to CPLR 3408 is granted.
Flagstar’s motion for an order declaring that it negotiated in good faith pursuant to CPLR 3001 is denied.
Flagstar’s motion for an order granting it leave to continue prosecution of the action is granted.