OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is modified by providing that the branch of defendant’s cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon a claim for supplies furnished on December 16, 2008 is granted; as so modified, the order, insofar as appealed from, is affirmed, with $25 costs to appellant; and it is further, ordered that on the court’s own motion, Jonathan R. Vitarelli, Esq., Ilona Finkelshteyn, Esq., and counsel for defendant are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against Jonathan R. Vitarelli, Esq., and Ilona Finkelshteyn, Esq., pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c) as this court may deem appropriate, by each filing an affidavit or affirmation on that issue in the Office of the Clerk of this court and serving a copy on the others on or before October 4, 2013; and it is further, ordered that the clerk of this court, or his designee, is directed to serve a copy of this decision and order to show cause by regular mail upon Jonathan R. Vitarelli, Esq., Ilona Finkelshteyn, Esq., and counsel for defendant.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied defendant’s cross motion for summary judgment dismissing the complaint and stated that the only issue for trial was the medical necessity of the supplies at issue (see CPLR 3212 [g]).
*21 Contrary to defendant’s argument on appeal, plaintiff established the submission of the bills and the fact and amount of the loss sustained. We therefore do not disturb the Civil Court’s implicit finding that those facts had been established for all purposes in the action. To the extent that defendant argues that the order improperly found that plaintiff had established, for all purposes in the action, that defendant had issued a claim denial that was conclusory, vague, or without merit as a matter of law, this is an incorrect reading of the order, which directs that a trial be held on the issue of medical necessity.
In support of the branch of its cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon a claim for supplies furnished on October 23, 2008, defendant submitted a sworn peer review report which set forth a factual basis and medical rationale for the doctor’s determinations that there was a lack of medical necessity for these supplies. In opposition to defendant’s cross motion, plaintiff submitted an affirmation by a doctor which was sufficient to raise a triable issue of fact as to whether these supplies were medically necessary (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Consequently, this branch of defendant’s cross motion was properly denied.
In support of the branch of its cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon a claim for supplies furnished to plaintiffs assignor on December 16, 2008, defendant submitted a peer review report which set forth a factual basis and medical rationale for the doctor’s determination that there was a lack of medical necessity for these supplies, on the ground, among others, that these supplies were superfluous, given that the assignor had already been involved in a treatment plan which included physical therapy and rehabilitation, which treatment plan, the peer reviewer stated, was sufficient to restore the assignor to the assignor’s pre-accident comfort level. In opposition, plaintiff submitted an affirmation by a doctor which failed to meaningfully refer to, let alone rebut, this determination (see Pan Chiropractic, P.C. v Mercury Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51495[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Since plaintiff has not challenged the Civil Court’s finding, in effect, that defendant is otherwise entitled to judgment, the branch of defendant’s cross motion seeking summary judgment dismissing so much of the complaint as sought to recover *22 on a claim for supplies furnished on December 16, 2008 should have been granted (see Park Slope Med. v Praetorian Ins. Co., 39 Misc 3d 141 [A], 2013 NY Slip Op 50761[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; A. Khodadadi Radiology, P.C. v N.Y. Cent. Mut. Fire Ins. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Where a respondent submits an appellate brief, it shall include, pursuant to CPLR 5528, respondent’s appellate argument (see Rules of Practice for App Term, 2d Dept, 2d, 11th & 13th Jud Dists [22 NYCRR] § 731.2 [a]). Sanctions and costs may be imposed against an attorney or party to the litigation, or both, for engaging in frivolous conduct (Rules of Chief Admin [22 NYCRR] § 130-1.1). We note generally that rule 3.3 (f) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that “[i]n appearing as a lawyer before a tribunal, a lawyer shall not . . . engage in undignified or discourteous conduct” (see also Galasso, Langione & Botter, LLP v Galasso, 89 AD3d 897, 899 [2011]). We further note that rule 5.1 of the Rules of Professional Conduct (22 NYCRR 1200.0) governs the responsibilities of law firms, partners, managers and supervisory lawyers. In the instant case, the brief submitted on respondent’s behalf contained, among other things, pages denominated “Table of Authorities” and “Summary of the Argument” that merely state that these pages were “left blank intentionally.” The “Question Presented” stated only “WHAT’S A BOY TO DO?” The remainder of the respondent’s brief did not address the facts of this case or interpose any specific argument as to why the order from which defendant appealed should be affirmed. Based upon the above, and other statements in the respondent’s brief, we order Jonathan R. Vitarelli, Esq., Ilona Finkelshteyn, Esq., and counsel for defendant, to show cause why an order should or should not be made and entered imposing sanctions and costs, if any, against Jonathan R. Vitarelli, Esq., and Ilona Finkelshteyn, Esq.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant’s cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon the claim for supplies furnished on December 16, 2008 is granted and, upon the court’s own motion, Jonathan R. Vitarelli, Esq., Ilona Finkelshteyn, Esq., and counsel for defendant, are directed to show cause why an order should or should not be made and entered imposing such sane *23 tians and costs, if any, against Jonathan R. Vitarelli, Esq., and Ilona Finkelshteyn, Esq., pursuant to Rules of the Chief Administrator (22 NYCRR) § 130-1.1 (c) as this court may deem appropriate, by each filing an affidavit or affirmation on that issue in the Office of the Clerk of this court and serving a copy on the others on or before October 4, 2013.
Pesce, EJ., Aliotta and Solomon, JJ., concur.