[991 NYS2d 879]

HEMPSTEAD REGIONAL CHIROPRACTIC, PC, as Assignee of Cecilio Pablo-Rodriguez, Plaintiff, v ALLSTATE INSURANCE COMPANY, Defendant.

District Court of Nassau County, First District, September 8, 2014

APPEARANCES OF COUNSEL

*Robert P. Macchia & Associates* for defendant.
*Israel, Israel & Purdy, LLP* for plaintiff.

### OPINION OF THE COURT

Fred J. Hirsh, J.

Defendant moves for summary judgment in this action to recover first-party no-fault benefits.

### Background

This motion raises the issue of whether a no-fault carrier that has previously denied the eligible injured party (EIP) all further no-fault benefits based upon an independent medical examination (IME) can request the EIP appear for an examination under oath (EUO) when a medical provider submits claims for payment of no-fault benefits for medical treatment provided after the IME cutoff.

Cecilio Pablo-Rodriguez was injured in a motor vehicle accident that occurred on January 9, 2011. He received treatment for the injuries sustained in the motor vehicle accident from Hempstead Regional Chiropractic, P.C. and Orthomed Care, P.C.

He assigned his right to receive no-fault benefits for the treatment provided by Hempstead to Hempstead and for treatment provided by Orthomed to Orthomed which submitted the claims for treatment provided to Rodriguez to defendant Allstate Insurance Company for payment.

The claims involved in this action and motion involve chiropractic treatment provided to Rodriguez by Hempstead during

the period March 12, 2012 through April 23, 2012 and physical therapy treatment provided to Rodriguez by Orthomed during the period March 26, 2012 through April 23, 2012.

The parties do not dispute the claims were timely filed and timely denied.

The denials for the claims involved in this action all denied the claims on the grounds Rodriguez failed to appear for an EUO scheduled for July 28, 2011, August 15, 2011 and September 19, 2011. The denials also stated the claims were being denied because the amounts billed were not in accordance with the no-fault fee schedule and on the grounds of any previously issued denial.

By letter dated July 15, 2011, Allstate's attorney requested Rodriguez appear for an EUO on July 28, 2011.

By letter dated July 27, 2011, Rodriguez's attorney advised the attorney for

Allstate Rodriguez would not be produced for an EUO on July 28, 2011 or at any other time because all no-fault benefits had previously been denied based upon an IME.* The letter further stated Rodriguez would not be produced because there was already pending litigation. The letter stated if there was information relevant to the claim that was needed other than an EUO, Rodriguez's attorney would work with Allstate's attorney in obtaining or providing the information.

Despite the letter from Rodriguez's attorney advising Allstate's attorney Rodriguez would not be produced for an EUO on July 28, 2011, Allstate's attorney sent two additional letters, one dated July 28, 2011 requesting Rodriguez appear for an EUO on August 15, 2011 and one dated September 2, 2011 requesting Rodriguez appear for an EUO on September 19, 2011.

The parties admit Rodriguez did not appear for the EUO on any of the scheduled dates.

Allstate asserts it is entitled to summary judgment because it timely denied the claims on the grounds Rodriguez failed to appear for an EUO.

Hempstead and Orthomed assert since all no-fault benefits had been denied based upon the IME cutoff, the request for an

---

* Neither party provided the court with copies of any claims relating to treatment provided by either Hempstead or Orthomed before the claims at issue in this action, copies of the denials issued in connection with those claims or a copy of the IME report that may have served as the basis of the denial of prior claims.

EUO was abusive and improper. Since Allstate had already denied Rodriguez all further no-fault benefits based upon an IME, Allstate did not have an objective basis to request Rodriguez appear for an EUO. Hempstead and Orthomed further assert since Rodriguez's attorney timely objected to Rodriguez being produced for an EUO Allstate must demonstrate it had an objective basis for seeking to conduct an EUO.

## Discussion

A person making application for no-fault benefits "may reasonably be required [to] submit to examinations under oath" upon request of the no-fault insurance carrier. (11 NYCRR 65-1.1 [d] [Section I, Conditions, Proof of Claim].)

Appearance at an EUO is a condition precedent to coverage. (*IDS Prop. Cas. Ins. Co. v Stracar Med. Servs., P.C.*, 116 AD3d 1005 [2d Dept 2014]; *Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.*, 35 AD3d 720 [2d Dept 2006]; *Flow Chiropractic, P.C. v Travelers Home & Mar. Ins. Co.*, 44 Misc 3d 132[A], 2014 NY Slip Op 51142[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014].) A carrier may deny all claims for no-fault benefits after a party fails to appear for an EUO if the carrier issues a timely denial asserting the failure to appear for the EUO as the basis of the denial. (*Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d 1045 [2d Dept 2009], *lv denied* 13 NY3d 714 [2009]; *cf. Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559 [1st Dept 2011], *lv denied* 17 NY3d 705 [2011].)

Allstate timely denied the claims on the grounds Rodriguez failed to appear for an EUO.

■ However, Rodriguez objected to the EUO when it was demanded. (*See Crescent Radiology, PLLC v American Tr. Ins. Co.*, 31 Misc 3d 134[A], 2011 NY Slip Op 50622[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011].) When the party who is requested to appear for an EUO timely objects to appearing for the EUO, the carrier must establish it had an objective standard for requesting the EUO. (*See Hillside Open MRI, P.C. v Allstate Ins. Co.*, 44 Misc 3d 132[A], 2014 NY Slip Op 51143[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; 11 NYCRR 65-3.5 [e].) Allstate offers no explanation or objective basis for its request Rodriguez appear for an EUO after Rodriguez's attorney objected to the EUO.

A carrier can assert multiple grounds for denying a no-fault claim. A carrier may assert both precludable and non-precludable defenses to a no-fault claim.

■ Plaintiff's assertion that a carrier cannot request an EIP appear for an EUO after the EIP's medical benefits have been denied based upon an IME is without merit. The relevant provisions of the no-fault regulations (11 NYCRR 65-1.1) do not limit or condition in any way a carrier's right to request an EUO. The only conditions on an EUO are it must be conducted at a time and place reasonably convenient to the applicant and the applicant must be advised that he or she will be reimbursed for any loss of earnings or travel expenses incurred in complying with the request. (11 NYCRR 65-3.5 [e].) The no-fault law and regulations do not prevent a carrier that has denied no-fault benefits based upon an IME from requesting an EUO of the EIP if the EIP continues to receive medical treatment after the IME cutoff and the provider continues to submit the no-fault claims for payment.

An IME cutoff is not a complete defense to the action. The testimony of the physician, chiropractor or other medical provider who performed the IME may be sufficient to rebut the presumption of medical necessity that attaches to a timely filed no-fault claim. (*Amato v State Farm Ins. Co.*, 40 Misc 3d 129[A], 2013 NY Slip Op 51113[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013].) The testimony of the medical professional that performed the IME could be rebutted by testimony adduced on cross-examination and/or by testimony from a rebuttal witness that meaningfully refers to and rebuts the findings and conclusions of the medical professional who performed the IME. (*See Promed Durable Equip., Inc. v GEICO Ins.*, 41 Misc 3d 19 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; *Baybenson Chiropractic, LLC v Clarendon Natl. Ins.*, 39 Misc 3d 141[A], 2013 NY Slip Op 50756[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013].)

The testimony obtained from the EIP at a post IME cutoff EUO could be relevant to the defense of the claim submitted after the IME cutoff. The carrier could choose to pay the claims submitted after the IME cutoff based upon the testimony of the EIP at an EUO.

If a party wants to contest or object to a request for an EUO, it must do so when the EUO request is made. (*Hillside Open MRI, P.C. v Allstate Ins. Co.*; *Crescent Radiology, PLLC v American Tr. Ins. Co.*, 31 Misc 3d 134[A], 2011 NY Slip Op 50622[U].) Since Rodriguez contested Allstate's request for an EUO when it was made, the issue of whether Allstate had an objective basis for requesting an EUO has been preserved. (*See Victory Med.*

*Diagnostics, P.C. v Nationwide Prop. & Cas. Ins. Co.*, 36 Misc 3d 568 [Nassau Dist Ct 2012].)

Since Rodriguez objected to the request for the EUO and Allstate has not established it had an objective basis for requesting Rodriguez appear for an EUO, defendant's motion for summary judgment is denied.